**James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**AMERICAN CAN COMPANY, Dixie Products, a Corporation, Defendant.**

**Civ. A. No. 2039.**

United States District Court, W. D. Arkansas, Fort Smith Division.

July 30, 1970.

---

Beverley R. Worrell, Regional Solicitor, Dept. of Labor, Atlanta, Ga., for plaintiff.

Edgar E. Bethell, of Bethell, Stocks, Callaway & King, Fort Smith, Ark., for defendant.

## MEMORANDUM

JOHN E. MILLER, Senior District Judge (sitting by designation).

This case was commenced on December 10, 1966. All parties were represented by able counsel. The case was tried to the court on July 17–19, 1968, on the question of liability as alleged in paragraphs IV and V of the complaint. The allegation in paragraph VI of the complaint that defendant should be enjoined and restrained as authorized by Section 17 of the Act, 29 U.S.C.A. § 217, was reserved for further consideration depending upon the decision on the question of liability.

The judgment of the court was entered on August 14, 1968, dismissing the

complaint of plaintiff. Upon appeal to the U. S. Court of Appeals for the Eighth Circuit, the judgment of this court was reversed on March 30, 1970, and the case remanded with directions "to enter an appropriate judgment in favor of plaintiff." Shultz v. American Can Co., Dixie Products Corp. (8 Cir. 1970) 424 F.2d 356.

On May 21, 1970, the mandate was received and filed. On June 4, 1970, the Regional Solicitor of plaintiff wrote the attorneys for defendant calling their attention to the filing of the mandate. In the concluding paragraph of that letter the Regional Solicitor stated:

"It would seem that the parties ought to be able to agree on the amount of back time involved. To this end we are offering the services of an available compliance officer to meet with defendant's representative for the purpose of liquidating the back pay. If this is agreeable, and if the court has no objection to such a procedure, we would appreciate your suggestion of a time when this might be accomplished. Of course, we would appreciate any suggestions you might have as to how this effort might be minimized."

On June 8, 1970, the court wrote the Regional Solicitor for the defendant acknowledging a copy of the letter of June 4 from the Regional Solicitor to the attorneys for the defendant, and stated:

"The mandate in this case was filed May 21 but judgment has not been entered as I have been waiting upon counsel for the parties to reach an agreement as to the identification of the various employees and the amounts due them for back wages. I think this is the duty of counsel, and I see no reason why you cannot agree to the proper order to be entered under the mandate, and I suggest that you proceed and submit to me an approved precedent for entry of final judgment."

On June 24, 1970, the Regional Solicitor wrote the Judge of this court enclosing a proposed judgment and asking that it be entered forthwith, leaving only the matter of computations for attaching to be furnished.

On June 25, 1970, the court wrote the Regional Solicitor and advised him that the proposed judgment would not be entered until defendant had at least one week in which to examine the same and file objections, if any, to its provisions.

On June 27, 1970, the attorney for defendant advised that he seriously objected to a number of the paragraphs of the proposed judgment, and on July 3, 1970, the defendant sent the court a proposed judgment with a letter brief in opposition to the provisions of the proposal for a permanent injunction and for the allowance of interest.

On July 17, 1970, the plaintiff filed his response to the defendant's objections to the proposed judgment and submitted brief in support of the response.

At the request of the attorney for the defendant, the defendant was allowed five days in which to submit a brief in support of its objections to the judgment as proposed by plaintiff.

The plaintiff contends that it is entitled to a permanent injunction as prayed in its complaint and to interest at the rate of 6 percent per annum on the amount due each of the employees. The defendant strenuously objects to the granting of an injunction and also to the allowance of interest on the amounts found to be due the various employees.

The court has considered the contentions of the parties, and is convinced that plaintiff is not entitled to an injunction as prayed.

The defendant has attached to its brief in support of its opposition to the issuance of an injunction as proposed by plaintiff a letter dated July 27, 1970, from the American Can Company, Dixie Products, signed by F. W. Beineman, Plant Manager, in which defendant stated:

"As a result of the opinion in this case from the United States Court of

Appeals for the Eighth Circuit, the wage rates for 'cup machine operators, AM–PM' at the Fort Smith plant were raised to the level of 'cup machine operators, night shift' effective May 18, 1970."

The letter further stated that it is the policy of the defendant that there be full compliance with the letter and spirit of all federal labor legislation.

"To this end, I can report to you that there are no job classifications based on sex where the pay is unequal at this plant. There will be none. We audit our personnel and payroll records monthly. Periodically this review includes an examination of classification assignment to ensure proper pay rate. We believe this procedure will prevent any possible inadvertent discrimination based on sex. The establishment of all new classifications requires the approval of our personnel department manager who is fully cognizant with the requirements of the Equal Pay Act. I can assure you that no new classifications will be established that will make any prohibited distinctions based on sex.

"I am also authorized to inform you that the 'cup machine operator night shift—day shift' differential has also been eliminated at our Easton plant and a careful scrutiny of our practices with an eye to the Equal Pay Act has been made throughout the entire Dixie Products Division."

The court entertains no doubt that the defendant will in good faith comply with the law as declared in the decision of the U. S. Court of Appeals for the Eighth Circuit. The defendant should not be penalized for contesting in good faith the claims of plaintiff.

■ An injunction is authorized as a specific sanction under Section 17 of the Act, 29 U.S.C.A. § 217, but an injunction should not issue as a routine, absolute consequence of a finding of noncompliance and the existence of a liability. The granting or denial of an injunction

should be left to the sound judicial discretion of the trial court, who as a result of the litigation has knowledge of "the approach and attitude of the parties reflecting the circumstances giving rise to the controversy, the employer's previous actions of non-compliance or litigation, the moral and business responsibility of the employer, the extent of which promises of future compliance are something more than empty, idle words unmatched by the institution of effectual corrective procedures, or are undependable contrition under pressure of legal action, whether litigious contention is the legitimate good faith quest for legal determination or the mere pretense, for past or future actions, to thwart effective compliance and many other similar and related factions from which the Judge can determine the probability of future compliance or violations." Mitchell v. Hodges Contracting Co., (5 Cir. 1956) 238 F.2d 380, 381.

In Mitchell v. Southwest Engineering Co., (8 Cir. 1959) 271 F.2d 427, the court at page 432 referred to the above quotation and in a footnote said:

"See Mitchell v. Hodges Contract Co., 5 Cir., 238 F.2d 380, 381–382, for a summary of cases sustaining and rejecting other trial courts' evaluations of the need for injunctive relief. Although that Court sustained the trial court the principles stated by them are generally applicable in these cases. 'Where these [factors determining probability of future compliance or violation] have been properly evaluated, the action of the Trial Court, whether granting or denying an injunction, will be sustained.'"

■ No useful purpose would be served by the granting of an injunction. There is absolutely no basis to believe or even suspect a lack of sincerity on the part of defendant.

Notwithstanding the good faith of defendant in litigating the issues in the case, the court is of the opinion the plaintiff is entitled to recover, for the

benefit of the affected employees, the amount of wages that are ascertained to be due, together with interest at the rate of 6 percent per annum to the date of the equalization of the rate, from the various due dates.

Section 17 of the Act does not provide for the payment of interest, but the omission of the mention of interest in statutes which create obligations does not necessarily show a congressional intent to deny interest. Philip Carey Mfg. Co., Miami Cabinet Div., v. N.L.R.B., (6 Cir. 1964) 331 F.2d 720, cert. den. 379 U.S. 888, 85 S.Ct. 159, 13 L.Ed.2d 92. See, also, Marshfield Steel Co. v. N.L.R.B., (8 Cir. 1963) 324 F.2d 333.

Section 16 of the Act, 29 U.S.C.A. § 216, in contrast to the provisions of Section 17, provides that in a suit commenced by an employee, the employee may recover not only the unpaid minimum wages, or the contractual amount of the wages, but is also entitled to an additional equal amount as liquidated damages. The mere fact that Section 17 made no provision for interest or liquidated damages or attorney's fees is not decisive of the question whether interest should be recovered.

Counsel have not cited any decision on this identical question, and neither has the court by independent investigation found any such decision. The back pay award creates a debtor-creditor relationship, and in the absence of an unequivocal prohibition of interest on all obligations such as are due the employees in this case, the court feels that the defendant is obligated to pay the employees interest on the amount of wages that should have been paid.

The court has found unsatisfactory the judgment proposed by plaintiff and also the judgment proposed by defendant, and is today entering a judgment which it considers appropriate and in accordance with the mandate of the Court of Appeals.