440 F.2d 916
 James D. HODGSON, Secretary of Labor, United States Department of Labor, Appellant-Cross-Appellee,
v.
AMERICAN CAN COMPANY, Dixie Products, a Corporation, Appellee-Cross-Appellant.
 No. 20640.
 No. 20643.
 No. 20644.
 United States Court of Appeals, Eighth Circuit.
 April 7, 1971.
 
 COPYRIGHT MATERIAL OMITTED Edgar E. Bethell, James A. King, Jr., Bethell, Callaway, King & Robertson, Fort Smith, Ark., for appellee-cross-appellant.
 Bessie Margolin, Associate Sol., Peter G. Nash, Sol. of Labor, Helen W. Judd, Atty., U.S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Sol., for appellant-cross-appellee.
 Before MATTHES, Chief Judge, and VAN OOSTERHOUT and LAY, Circuit Judges.
 MATTHES, Chief Judge.
 
 
 1
 The United States District Court filed two judgments from which both parties have appealed. The supporting opinions of the court are reported: Hodgson v. American Can Co., Dixie Products, 314 F.Supp. 1192 (W.D.Ark., July 30, 1970); Hodgson v. American Can Co., Dixie Products, 317 F.Supp. 152 (W.D.Ark., Sept. 23, 1970). A brief history of this protracted litigation is in order.
 
 
 2
 On March 30, 1970, this court in Shultz v. American Can Co. — Dixie Products, 424 F.2d 356 (8th Cir. 1970), reversed the judgment of the district court[1] which had dismissed the Secretary of Labor's complaint seeking to enjoin[2] American Can from violating the provisions of Section 15(a) (1) and 15 (a) (2) of the Fair Labor Standards Act. We found that American Can had discriminated against its female machine operators, who worked exclusively on the AM-PM shifts, by paying operators on those shifts less than males operating identical machines on the night shifts. Although there were some differences in the duties of the machine operators on the two shifts, this court held that the tasks of the operators on both shifts required substantially equal effort. The cause was remanded to the district court with directions to enter the appropriate judgment in favor of the Secretary.
 
 
 3
 The mandate of this court was filed in the district court on May 21, 1970. Thereafter the district court directed the parties to attempt to reach agreement as to the identification of the various employees and the amounts due them for back wages, and to submit proposed judgments. The proposed judgments submitted by the parties were in agreement as to the equalization of wage rates and payment of back wages, however, American Can's proposal differed from the Secretary's in that it did not include injunctive relief as authorized by Section 17, or an award of interest on the wages due. The district court entered its decision and judgment on July 30, 1970, denying the injunction and directing American Can to "proceed promptly to determine from its time and payroll records the amounts owing employees which have been withheld in violation of Section 6(d) (1) of the Act from June 11, 1965, up to the date their wage rate is equalized in accordance with this judgment, with interest at 6 percent per annum." The judgment also provided that the amounts determined to be due as back wages were to be set forth as Exhibit A and attached to the judgment within 30 days, and that the sums due were to be paid to the employees not later than 30 days after the filing of Exhibit A. On September 15, 1970, upon consent of the Secretary and review by the court, Exhibit A in the gross amount of $142,755.45 ($126,342.66 in wages due the employees and $16,412.79 in interest), which had been submitted September 1, 1970 by American Can, was approved by the court. The Secretary has appealed from that part of the July 30 judgment denying injunctive relief.
 
 
 4
 On September 17, 1970, American Can filed a motion under Fed.R.Civ.P. 12 (h) (3) to dismiss the Secretary's suit for lack of subject matter jurisdiction and alternatively to obtain relief from the judgment under Rule 60(b) and a rehearing under Rule 59. American Can's motion was accompanied by an extensive brief premised on the theory that Sections 16(c) and 17 of the Act[3] are related parts of a comprehensive enforcement scheme and must be read in para materia. It was contended that if read together (i.e. Section 16(c) is applicable to Section 17) the court would be without jurisdiction because of the unsettled issues of law presented at the time the original complaint was filed. This theory had been espoused by the Wheaton Glass Company in Shultz v. Wheaton Glass Co., 319 F.Supp. 229 (D. N.J. 1970),[4] and the identical argument was adopted by American Can in the district court.
 
 
 5
 The trial judge, on September 18, informed the Secretary's regional counsel by letter that because of the imminent expiration of the time for appeal from the July 30 judgment, neither a hearing nor submission of additional briefs was necessary "as the court [would] proceed to determine the instant motion upon the present record, including the briefs and contentions of the parties * * *" and would decide the motion before the time for appeal expired.
 
 
 6
 The judgment on the motion was entered on September 23, 1970, pursuant to the memorandum opinion reported at 317 F.Supp. 152. The court found merit in the proposed theory and held that the "novel question" proviso contained in Section 16(c) was equally applicable to Section 17. However, the court concluded:
 
 
 7
 "Evidently the Court of Appeals was of the opinion it had jurisdiction, and while it is questionable, this court will not in view of all the facts hold that it was or is without jurisdiction."
 
 
 8
 Id. at 157. The court further denied the portion of the motion to rehear and reconsider the judgment and order pursuant to Rule 59, but granted relief from the judgment of July 30, under Rule 60 (b) insofar as it related to payment by American Can of interest on the back wages found to be due. The judgment of July 30 was amended to provide that American Can should pay interest at 6 percent only from the date our mandate was filed in the district court, May 21, 1970, until the back wages were paid. American Can has appealed from the September 23 judgment. The Secretary appealed from that part of the same judgment retracting the award of interest.
 
 
 9
 We reverse and remand in part with directions and affirm in part.
 
 I. INJUNCTIVE RELIEF ISSUE
 
 10
 The Secretary of Labor submits that the trial court erred in its judgment of July 30 by failing to grant a permanent injunction restraining American Can, at all its plants, from committing future violations of the Equal Pay Act of 1963 (29 U.S.C. § 206(d)).
 
 
 11
 It is settled doctrine, as the Secretary implicitly recognizes in his brief, that the granting or denial of an injunction under Section 17 of the Act is addressed to the sound discretion of the district court. As the Fifth Circuit aptly observed in Mitchell v. Hodges Contracting Co., 238 F.2d 380, 381 (1956), the specific injunctive sanction authorized in Section 17, being equitable in nature, should not issue as a routine, absolute consequence of a finding of non-compliance in the existence of coverage. "For the granting and denial of an injunction — and perhaps of greater importance, the delicate draft of its terms — must inevitably be left to the sound discretion of the District Judge." Where all relevant circumstances have properly been evaluated the action of the trial court, whether granting or denying an injunction, ordinarily will be sustained. See Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945); Mitchell v. Southwest Engineering Co., 271 F.2d 427 (8th Cir. 1959).
 
 
 12
 In support of the Secretary's contention that the court erred in refusing to grant an injunction, he relies upon the following factors: (1) the discrimination of American Can which generated the original action, asserting that non-compliance was readily apparent and known to it; (2) the defense of the action in the district court and the attempt to sustain the judgment in this court on the prior appeal; and (3) the securing of a stay of mandate pending a petition for certiorari which was never filed. He claims that these factors demonstrate beyond dispute bad faith and a conscious intent not to comply in the future unless legal sanction is applied in the form of an injunction. We cannot agree. Although we found discrimination and reversed for entry of an appropriate judgment, reference to our prior opinion will disclose that the facts relating to the similarity of duties performed by male and female operators presented a question not entirely free of controversy. While the failure of American Can to file a petition for certiorari did delay the ultimate resolution of the amount of underpaid wages that were due the employees, we are not persuaded to hold that this incident compelled the district court to enjoin American Can.
 
 
 13
 Additionally, the Secretary urges consideration of actions by American Can, such as refusal to permit examination of books and records at its Easton, Pennsylvania plant, causing the Secretary to file another suit to litigate the same type of questions involved herein, and its belated contention that the court in this case lacked subject matter jurisdiction. The weakness of the Secretary's argument lies in the undisputed fact that these events occurred subsequent to the denial of the injunction on July 30.
 
 
 14
 While the district judge may have been warranted in granting injunctive relief, we are not prepared to hold that he improperly assessed and evaluated the facts before him and thus arbitrarily denied the restraining of future violations. We therefore affirm the judgment denying the injunction. Inasmuch as the judgment affecting interest due the employees must be reversed and the case remanded, the Secretary may file another motion for an injunction, if he is so disposed, based upon all conduct of American can Can from the inception of this litigation to the date of the entry of a judgment in accordance with this opinion. If the Secretary does seek another injunction, unless there is more evidence relating to the discriminatory conduct of American Can at its other plants than is found in the present record, the injunction should be limited to the Fort Smith plant.
 
 II. JURISDICTIONAL ISSUE
 
 15
 American Can's motion to dismiss for lack of subject matter jurisdiction is grounded on the assertion that Sections 16(c) and 17 must be read in para materia. If so considered, American Can contends that the court would be deprived of jurisdiction by the language of Section 16(c) because the action was based on novel questions of law.
 
 
 16
 The identical question was considered by the United States District Court in Shultz v. Wheaton Glass Co., supra. Although the brief submitted in this case, being a prototype of the brief before Judge Cohen in Wheaton, obviously influenced Judge Miller, insofar as the prior award of interest was concerned, he did not adopt the jurisdictional theory. However, we are inclined to believe that he entertained doubts which probably would have produced a contrary result but for the prior decision of this court. Conversely, Judge Cohen was not convinced by the same argument and held:
 
 
 17
 "The legislative history of the 1961 Amendment demonstrates a broad Congressional design to restore to the District Courts their full equity powers. In keeping with this goal, the above 1949 restriction on jurisdiction was repealed. This broader jurisdictional power was not merely to enforce an employee's private individual right; rather, it was more expansive and expressly designed to `correct a continuing offense against the public interest.'" [citing cases]
 
 
 18
 Id., 319 F.Supp. at 231. In concluding that Section 16(c) is not a barrier to an action under the enforcement provisions of Section 17, Judge Cohen engaged in an exhaustive review of the history of Section 17, and Amendment thereto. We are in agreement with Judge Cohen's analysis and refrain from engaging in another discussion of the history of the 1961 Amendment. We conclude therefore that the Secretary is not burdened by the Section 16(c) jurisdictional restrictions when seeking to recover back wages under the enforcement provisions of Section 17. See also Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965); Wirtz v. W.G. Lockhart Construction Co., 230 F.Supp. 823 (N.D.Ohio 1964).[5]
 
 III. INTEREST ISSUE
 
 19
 The Secretary also contends that the trial court erred in retracting the award of interest granted in its July 30 judgment.[6] In awarding interest, the court initially concluded that the failure of Section 17 to provide for the payment of interest should not be construed as a congressional intent to deny interest, and "[n]otwithstanding the good faith of [American Can] in litigating the issues in the case, the court is of the opinion the [Secretary] is entitled to recover, for the benefit of the affected employees, the amount of wages that are ascertained to be due, together with interest at the rate of 6 percent per annum to the date of the equalization of the rate, from the various due dates." 314 F.Supp. 1195-1196.
 
 
 20
 In its later opinion the trial court quotes from Conference Report No. 327, 2 U.S. Code Cong. and Admin. News, p. 1713, 87th Cong., 1st Sess. (1961) in support of the conclusion that because liquidated damages were not provided for in Sections 16(c) and 17, as they were in Section 16(b), and because liquidated damages and interest serve the same function, Congress did not intend to award compensation for delay, i.e., interest, in actions brought by the Secretary. We do not concur in that finding.
 
 
 21
 As shown above Sections 16 (c) and 17 are not to be read in para materia. Section 17 contains no language providing for either liquidated damages or interest. In the absence of an unequivocal prohibition of interest, and where the statute imposes a money obligation, the power of the court to award interest is dependent on an appraisal of the congressional purpose of imposing the obligation and on the relative equities of the parties. Rodgers v. United States, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947). Clearly the award of back wages under the Fair Labor Standards Act is remedial in nature. 29 U.S.C. § 202(b), Goldberg v. Wade Lahar Construction Co., 290 F.2d 408, 415 (8th Cir. 1961). The purpose of the award is to compensate the employees for the loss sustained because of the wrongful withholding of wages. While the good faith of the employer is one of many factors to be considered, "[t]o make such employees whole, the provision for the payment of interest for the time the back pay was wrongfully withheld from them is only equitable." Marshfield Steel Co. v. N.L.R.B., 324 F.2d 333, 338 (8th Cir. 1963); Shultz v. Wheaton Glass Co., supra, 319 F.Supp. at 234 (D.N.J. 1970). Both at law and equity, interest is allowed on money due. Miller v. Robertson, 266 U.S. 243, 256-258, 45 S.Ct. 73, 69 L.Ed. 265 (1924).
 
 
 22
 From the inception of the discrimination, American Can was unjustly enriched and the female employees were damaged. During the entire period American Can has had the use of the money, and therefore equity and justice requires payment by way of interest for its use. The interest should be allowed from the dates of the underpayment. Marshfield Steel Co. v. N. L. R. B., supra; Mitchell v. Riegel Textile, Inc., 104 U.S.App.D.C. 139, 259 F.2d 954, 956 (1958).
 
 
 23
 In summary, we hold that the district court erred in concluding that Sections 16(c) and 17 of the Fair Labor Standards Act must be read in para materia, and that American Can should pay interest on the back wages only from May 21, 1970, until paid. Accordingly, we remand with directions to the trial court to enter a judgment awarding the Secretary, for the benefit of the affected employees, the amount of the wages that are ascertained to be due with interest at 6 percent per annum from the various due dates to the date of payment of the back wages. We affirm that part of the July 30 judgment denying an injunction without prejudice to the Secretary to again seek injunctive relief as set forth in division I of this opinion.
 
 
 24
 Our mandate shall issue forthwith.
 
 
 25
 All costs shall be taxed against American Can Company.
 
 
 
 Notes:
 
 
 [1]
 Reportedsub nom Wirtz v. American Can Co. — Dixie Products, 288 F.Supp. 14 (W.D.Ark.1968).
 
 
 [2]
 Pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. § 201 et seq
 
 
 [3]
 Section 16(c) provides in pertinent part:
 "That this authority to sue shall not be used by the Secretary of Labor in any case involving an issue of law which has not been settled finally by the courts, and in any such case no court shall have jurisdiction over such action or proceeding initiated or brought by the Secretary of Labor if it does involve any issue of law not so finally settled."
 
 
 [4]
 Shultz v. Wheaton Glass Co. bears a striking similarity on both the facts and the law
 
 
 [5]
 Since this action is not inhibited by Section 16(c), it is unnecessary to consider in depth whether the issue of law presented on the prior appeal was a novel one. As noted above, the troublesome area involved questions of fact and the application of settled law to the facts. Though the case turned on its own particular facts, and in that sense was novel, that alone does not make the law concerning those facts either novel or unclear. Shultz v. Wheaton Glass Co., supra, 319 F.Supp. at 234. The provisions of Section 16(c) only remove jurisdiction of the court when the issues of law involved in the case have not been settled finally by the courts. Since no unsettled legal issue existed here, Section 16(c) is irrelevant. Shultz v. Mistletoe Express Service, Inc., 434 F.2d 1267, 1272 (10th Cir. 1970)
 
 
 [6]
 We are led to believe from the court's opinion, 317 F.Supp. at 152, that it relied upon Rule 60(b) (1) and considered that its provisions authorized granting the belated relief from the July 30 judgment for interest. The Secretary takes issue with the district court and contends Rule 60(b) (1) does not contemplate the type of alleged "error" which the court undertook to correct. Although there is substance in the Secretary's position, we have elected to go to the merits of the interest issue inasmuch as other aspects of the case properly are here