W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff,

v.

SEARS, ROEBUCK AND CO., Defendant.

Civ. No. 71–C–2025–C.

United States District Court, N. D. Iowa, C. D.

Sept. 29, 1976.

As Modified Nov. 15, 1976.

Edith Barnett, U. S. Dept. of Labor, Washington, D. C., Ralph D. York, U. S. Dept. of Labor, Nashville, Tenn., for plaintiff.

Kalvin M. Grove, Chicago, Ill., Donald J. Spero, Skokie, Ill., Lee W. Rosebrook, Des Moines, Iowa, for defendant.

## ORDER

HANSON, District Judge.

The Court has before it certain motions and pleadings which deal with the question of the need for future proceedings in this cause of action. The Court has fully reviewed those documents, and deems that the case has now reached the stage where a final judgment should be entered. Before discussing the pending motions, a brief review of the history of this litigation is in order.

Plaintiff filed his complaint in this case on April 30, 1971, seeking to enjoin defendant from violating the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Plaintiff alleged that Sears had been and was discriminating between employees on the basis of sex at its Fort Dodge, Iowa retail store by paying certain specified female employees at a level below the rate paid to certain specified males who were performing substantially equal work within the meaning of the Act. Plaintiff sought to enjoin Sears from withholding the unpaid minimum wages and overtime compensation due to the victim employees, and asked that Sears be permanently enjoined from violating the Act. While the Sears organization includes approximately 900 retail outlets throughout the United States, Equal Pay Act violations were alleged solely against the Fort Dodge store.

As discovery ensued in this case, it became apparent that a dispute existed between the parties over the permissible scope of injunctive relief which this Court could order should Equal Pay Act violations be established. The controversy centered around whether a nationwide injunction against Sears could be issued; plaintiff contended that it could, while the defendant urged that any prospective relief be confined to the Fort Dodge store. The controversy was silenced temporarily by Court orders which ruled that the issues of liability and remedy be severed for trial under Federal Rule of Civil Procedure 42(b). Pursuant to said orders, a trial addressed solely to the question of whether the defendant had violated the Equal Pay Act in its Fort

Dodge store was commenced before this Court on July 23, 1974. At no time prior to the liability trial did the plaintiff seek to amend his complaint to assert violations of the Act at any Sears establishment other than the one at Fort Dodge.

The liability trial was to the Court; on January 7, 1976 findings of fact and conclusions of law were entered herein. *See* 410 F.Supp. 84 (N.D.Iowa 1976). Those findings and conclusions can be summarized as follows: Defendant violated the Act at the Fort Dodge store as to six female division managers and thirteen female salespersons between the years 1968 and 1972; in 1972, however, Sears instituted an Affirmative Action Plan which drastically revamped its employee compensation methods in all its retail stores—no Equal Pay Act violations were found in the Fort Dodge store after implementation of the Plan. Notwithstanding this absence of an existing violation at Fort Dodge, the Court made certain comments regarding the likelihood of future violations at that store. It is apparent that those comments have had a great deal to do with the parties' current dispute. The Court's ruling as to liability concluded by directing the parties to "submit written suggestions . . . as to the need, if any, for future remedy-related proceedings in this cause." On May 17, 1976, plaintiff filed a "motion for injunctive relief and for further remedy-related proceedings." Defendant opposed this request on June 15, 1976; the Court heard brief oral arguments from the parties on June 22, 1976, and on July 23, 1976, plaintiff filed a "supplemental brief" in support of its motion. The matter of plaintiff's pending motion is now fully submitted.

■ Considering first the question of monetary remedy for the 1968–1972 pay disparities, the Court deems this aspect of the case to be moot. The defendant has voluntarily satisfied its back pay liability for the adjudicated violations.[1] Hence, no further remedial measures are required regarding the monetary aspects of the case.

On the question of injunctive relief, plaintiff seeks (1) an order enjoining future Fort Dodge store violations and (2) the opportunity to show the likelihood of possible future violations in *other* Sears stores, thereby laying a foundation for nationwide injunctive relief. The extensive record in this litigation lends no support for either request.

■ The Court agrees with the principle that "an action for an injunction does not become moot merely because the conduct complained of has terminated, if there is a possibility of recurrence, since otherwise the defendants would be free to return to '[their] old ways.' " *Allee v. Medrano*, 416 U.S. 802, 810–11, 94 S.Ct. 2191, 2198, 40 L.Ed.2d 566 (1974). The record in this case, however, provides absolutely no basis to support a claim that defendant's violative conduct—the 1968–1972 payment practices—will recur. Indeed, the record fully supports the contention that it will not. Defendant has invested substantial time and money in an affirmative action plan which totally revised its pre-1972 payment methods. Further, Sears' major defense efforts in this case have been in relation to its plan; the defendant has been forthright in acknowledging the shortcomings of its pre-1972 practices. The Plan itself is sufficient evidence that the 1968–1972 practices have been wholly abandoned; moreover, substantial monetary reimbursement has been made to those employees adversely affected. Thus, the defendant has done much to rectify its transgressions of the Act. The violative conduct itself had ceased some two years prior to the 1974 trial before this Court, and it has not "recurred" in the two years since that time. In view of (1) defendant's good faith efforts to redress its 1968–1972 wrongs, (2) the drastic departure the Affirmative Action Plan made from those practices, and (3) no suggestion whatsoever that the defendant will revert to its

---

1. Remedial compensation was made by the defendant by applying the Affirmative Action Plan retroactively to compensate all female employees, and not simply those persons who were at issue before the Court, as if the Plan had been in effect since 1968.

pre-1972 behavior, the Court deems that the acts which formed the basis of the adjudicated violations in this case have wholly ceased, and do not merit injunctive relief. *See Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421, 429 (8th Cir. 1970).

■ There remain the questions of what relief, if any, the defendant's post-1972 behavior justifies, and whether a further hearing is required in this regard. Plaintiff's request for injunctive relief in this regard seems to ignore the Court's finding that no Equal Pay Act violations have occurred since the Plan's implementation. In view of this finding, there is no current unlawful withholding of wages at the Fort Dodge store; this alone justifies denying the request for prospective relief.

■ Plaintiff's pending motion is predicated solely on violations found to have occurred at the Fort Dodge store over four years ago. The time has long since passed for proof of liability, and no post-1972 violations have ever been established. Plaintiff requests an additional hearing, however, to adduce statistics as to wage and job placement patterns in other Sears' stores prior to the 1973–1974 period. Initially, this Court has serious reservations as to the staleness of such evidence, especially in light of the introduction of affirmative action plans in both the wage and job placement areas during the same period from which the plaintiff's most recent statistics are drawn. Furthermore, plaintiff's offer of proof raises serious questions as to admissibility. Even assuming *arguendo* that such statistics were admitted, and did establish patterns of lower wages for women and an imbalance in job placement by gender prior

to 1973, this Court would not find that evidence sufficient to establish the need, in the circumstances of this case, for any prospective injunctive relief, either as to the Fort Dodge store or any other units. First, the differential in the grading of the clothing division management jobs which prompted this Court's concern for future violations has been rectified; all such jobs are now graded equally. *See* Defendant's Opposition to Plaintiff's Pending Motion, filed on June 15, 1976, and the Exhibit attached thereto. Second, statistics without any evidence as to job equality of the actual positions held by persons in other stores are, at most, of limited probative value. The sales divisions in the Sears' system are clustered in groups for management purposes. Without evidence of the clusters and job duties, this Court is not prepared to assume violations elsewhere. Third, even if this Court accepted the presumption plaintiff proposes, *i. e.*, that the statistical patterns raise a risk of violation, Sears would be free to adduce evidence from each of its 900 stores to establish that the requisite job equality, a basic element of any violation, does not exist. This procedure would thus shift the statutory burden of proof from the plaintiff to the defendant to prove that *prima facie* violations do *not* exist elsewhere under the guise of a hearing on remedy. This Court is not prepared, even if it could, to adopt such a radical realignment of the evidentiary burdens. If plaintiff wished to prove violations at other stores, it should have amended its complaint and done so directly during the liability trial.[2] At present the Court discerns no risk of a future violation, either at Fort Dodge or anywhere else, and in light of the

2. The Court in its ruling today is not implying that nationwide injunctions are unjustified unless violations are proven in each unit of a corporate retail chain's stores. The plaintiff's nationwide remedy arguments place strong reliance on *Brennan v. J. M. Fields*, 488 F.2d 443 (5th Cir. 1973), *cert. denied*, 419 U.S. 881, 95 S.Ct. 146, 42 L.Ed.2d 121 (1974). The Court is well aware of that decision; indeed, it was cited in the previous findings of liability. *Fields* is clearly distinguishable from this case, however. First, it was an Equal Pay Act suit in which violations at three stores out of the de-

fendant's sixty were proven at trial, *Id.* at 444; here, of course, one store out of nine hundred was at issue. Further, the *Fields* case involved *existing* violations at those three stores; the record here shows no present violations. Faced with a record such as that in *Fields, i. e.,* current violations at approximately one-twentieth of a defendant's stores in a structure of highly centralized hiring and pay practices, the propriety of a nationwide injunction seems self-evident. The situation currently before this Court is far different from *Fields*, however.

limited offer of proof tendered by plaintiff, concludes that a further hearing is unnecessary, and that no injunctive relief is appropriate. *See Hodgson v. American Can Co.*, 440 F.2d 916, 920–21 (8th Cir., 1971); *Hodgson v. Corning Glass Works*, 474 F.2d 226, 236–37 (2d Cir., 1973), *aff'd on other grounds*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974).

To summarize, the Court states its conclusions:

1. The scope of the instant case as framed by the pleadings is the compensation practices relating to division managers and sales persons at the defendant's Fort Dodge, Iowa store.

2. Defendant has not been shown to have violated the Equal Pay Act at that store since the institution of its Affirmative Action Plan in 1972.

3. All payments due as a result of the 1968–1972 Equal Pay Act violations have been made by defendant.

4. The 1968–1972 Fort Dodge store violations do not warrant prospective injunctive relief due to (1) the implementation of the Plan, (2) the good faith of the defendant, and (3) the alterations in the grading scheme implemented since this Court's liability decision. Based on these factors, and the record as a whole, the Court concludes that it is unlikely that there will be future violations at the Fort Dodge store.

5. The record regarding defendant's post-1972 pay practices also indicates that there is no need for prospective injunctive relief, either at the Fort Dodge unit or any other store of the defendant. Further hearings in this matter would serve no useful purpose.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:

1. Plaintiff's "Motion for Injunctive Relief and for Further Remedy Related Proceedings" be, and the same is, hereby denied.

2. Defendant's motion to strike is denied.

3. This action is hereby dismissed.