513 F.Supp. 591 (1981)
Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,
v.
FROZEN ASSETS, LTD., a corporation, and Ira Price and Gail Price, d/b/a Baskin Robbins, Defendants.
No. 80-295C(A).
United States District Court, E. D. Missouri, E. D.
March 17, 1981.
*592 Malinda B. Schoeb, U. S. Dept. of Labor, Kansas City, Mo., Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Ronald M. Lending, St. Louis, Mo., for defendants.

MEMORANDUM OPINION
HARPER, District Judge.
The plaintiff, Ray Marshall, as Secretary of Labor of the United States Department of Labor, brings this action in a single count to enjoin defendant, Frozen Assets, Ltd. (hereinafter referred to as Frozen Assets), and the defendants, Ira Price and Gail Price, doing business as Baskin Robbins, under 29 U.S.C. § 217 from violating the Fair Labor Standards Act (hereinafter referred to as FLSA), 29 U.S.C. § 215(a)(2) and 215(a)(5), to recover unpaid minimum and overtime compensation, and to obtain statutory liquidated damages and costs of suit under 29 U.S.C. § 216(c).
The plaintiff alleges that defendants have violated and are violating the FLSA in failing to pay certain persons minimum wages, in employing certain persons for workweeks longer than forty hours without compensation for employment in excess of forty hours at rates not less than one and one-half times their regular rates, and in failing to make, keep and preserve adequate and accurate records of employee wages, hours and other working conditions and practices of employment.
The case was submitted to the Court upon a stipulation of facts. By this stipulation the plaintiff now only seeks recovery of alleged unpaid minimum and overtime compensation totalling $13,497.07 for the period of March 3, 1978, through June 30, *593 1979, statutory liquidated damages for said period, and costs of suit. 29 U.S.C. § 216(c). Upon careful review of the stipulation and the deposition of Richard G. Swan, to which it refers, the Court finds that the plaintiff is entitled to recover the alleged unpaid minimum and overtime compensation.
The background facts are as follows:
At all times herein relevant (March 3, 1978, through June 30, 1979) defendant, Frozen Assets, was a corporation with place of business located at 7012 Pershing in University City, Missouri. Beginning in April, 1978, it also had a place of business located at 11272 Olive Street in Creve Coeur, Missouri. At both locations it engaged in the retail sale of ice cream to the general public under the name and style of Baskin Robbins.
At all times herein relevant Ira and Gail Price jointly owned sixty percent of the stock of Frozen Assets, and Ira Price was company president. During this time, Richard Swan owned the remaining forty percent of the stock of Frozen Assets and served as secretary and treasurer of the company. By agreement of the aforementioned persons, Gail Price managed daily operations of Frozen Assets "free from any managerial control or regulation of Ira Price or Swan."
At all times herein relevant defendants, Ira and Gail Price, also jointly owned a place of business located at 8 South Euclid Avenue in St. Louis, Missouri (hereinafter referred to as the Proprietorship), where they engaged in the retail sale of ice cream to the general public under the name and style of Baskin Robbins. By agreement of Swan and the Prices, Ira Price and Richard Swan managed daily operations of the Proprietorship.
The FLSA provides, under 29 U.S.C. § 215(a)(2), that "it shall be unlawful for any person * * * to violate any of the provisions of section 206 or section 207 of this title * * *," which provide, respectively, for minimum and overtime wage compensation of persons "employed in an enterprise engaged in commerce or in the production of goods for commerce * * *." 29 U.S.C. § 206(a), 207(a)(1), (emphasis added). Defendants contend that while Frozen Assets and the Proprietorship did engage in commerce, they were not, together, an "enterprise" under the FLSA.
An "enterprise" is defined in the FLSA as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose * * *." 29 U.S.C. § 203(r). In Brennan v. Plaza Shoe Store, 522 F.2d 843, 846 (8th Cir. 1975), the court said:
"The Act describes three elements which must coexist before the * * * defendants herein can be considered a single enterprise: (1) related activities; (2) unified operation or common control; and (3) a common business purpose." (Omitting citations.)
The evidence clearly shows that defendants were engaged in related activities, specifically the retail sale of ice cream to the general public under the name and style of Baskin Robbins. The evidence further shows that defendants had a common business purpose in these activities, specifically their mutual benefit in the retention by the Prices of Swan's services in the Proprietorship and Swan's acquisition of financial management expertise with Frozen Assets.
Defendants contend that there is no "common control" because managerial responsibilities for Frozen Assets and the Proprietorship were strictly segregated and because no person held similar responsibilities in both businesses. The Court finds, however, that defendants' division and segregation of upper and lower level management responsibilities does not deprive each defendant of "control" over these small, closely held businesses by de facto conduct of their official activities or by exaction of a quid pro quo in management decisions. The Court further finds that defendants' arrangement facilitates "common" operation of Frozen Assets and the Proprietorship by giving each defendant notice of and some measure of control over the taking of a decision or its application. See 26 CFR *594 779.221. Accordingly, the Court finds that there is "common control" of defendants' businesses and that defendants' activities constitute an "enterprise" under the FLSA.
The plaintiff also seeks statutory liquidated damages under 29 U.S.C. § 216(c). This recovery is mandatory if the employer fails to show "to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] * * *," 29 U.S.C. § 260, and it is discretionary if the employer does so show. Laffey v. Northwest Airlines, 567 F.2d 429, 464-65 (D.C.Cir.1976).
The credible evidence shows that defendants acted in good faith and reasonable belief that their conduct did not violate the FLSA. In creating their business arrangement, defendants sought the assistance of counsel not to evade the FLSA but to facilitate Swan's employment by the Prices and to assist Swan in obtaining sufficient managerial experience to obtain his own Baskin Robbins franchise. Inasmuch as "[t]he Wage-Hour Administrator has indicated that common control refers to the performance of the related activities of the businesses * * *," Plaza Shoe Store, 522 F.2d at 848, their strict division of responsibilities between Frozen Assets and the Proprietorship is a reasonable test of FLSA coverage. Accordingly, the Court finds that defendants acted in good faith and reasonable belief that their conduct did not violate the FLSA, and for this reason the Court finds further that liquidated damages are inappropriate. 29 U.S.C. § 260. Employees of Dept. of P. H. & W. v. Dept. of P. H. & W., 452 F.2d 820, 826 (8th Cir. 1971), aff'd 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).
The plaintiff contends that should he be denied liquidated damages under 29 U.S.C. § 260 he is entitled to prejudgment interest on the amounts due. While the plaintiff has been able to recover prejudgment interest in suits brought under 29 U.S.C. § 217, Brennan v. Maxey's Yamaha, 513 F.2d 179, 183 (8th Cir. 1975), Hodgson v. Daisy Mfg. Co., 445 F.2d 823, 824-25 (8th Cir. 1971), Hodgson v. American Can Co., 440 F.2d 916, 921-22 (8th Cir. 1971), the instant action is brought under 29 U.S.C. § 216(c), which in 1974 was amended inter alia, to permit the plaintiff to recover both unpaid compensation and liquidated damages as private plaintiffs are permitted under 29 U.S.C. § 216(b). See H.R.Rep.No. 93-913, 93rd Cong., 2nd Sess. 2 (1974), reprinted at [1974] U.S.Code Cong. & Admin.News 2811, 2850. Neither the parties nor the Court have been able to locate precedent as to recovery of prejudgment interest under 29 U.S.C. § 216(c), and the Courts of Appeal conflict as to recovery of prejudgment interest under 29 U.S.C. § 216(b) where liquidated damages are denied under 29 U.S.C. § 260. Compare, McClanahan v. Matthews, 440 F.2d 320, 325-26 (6th Cir. 1971) and Holtville Alfalfa Mills v. Wyatt, 230 F.2d 398, 401 (9th Cir. 1955) with Barcellona v. Tiffany English Pub, 597 F.2d 464 (5th Cir. 1979), Foremost Dairies v. Ivey, 204 F.2d 186 (5th Cir. 1953), Addison v. Huron Stevedoring, 204 F.2d 88 (2nd Cir. 1953), and Landaas v. Canister Co., 188 F.2d 768 (3rd Cir. 1951).
This Court finds that where liquidated damages are denied under 29 U.S.C. §§ 216(c), 260, the plaintiff cannot recover prejudgment interest. Sections 216(c) and 260 represent Congress' standards for the award or denial, respectively, of liquidated damages as compensation for delayed wage payments under the FLSA. H.R.Rep.No. 71, 80th Cong., 1st Sess. (1947), reprinted at [1947] U.S.Code Cong. Service 1029, 1031 (hereinafter Report), citing Overnight Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942). Inasmuch as liquidated damages under the FLSA compensate the same injury as prejudgment interest, compare Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 715, 65 S.Ct. 895, 906, 89 L.Ed. 1296 (1945) with Hodgson v. American Can, 440 F.2d 916, 922, and neither 29 U.S.C. § 216(c) nor 29 U.S.C. § 260 expressly mention prejudgment interest, the Court finds that liquidated damages, and not prejudgment interest, *595 are the prescribed means to compensate delayed payments under 29 U.S.C. § 216(c).
Furthermore, the Court finds that an award of prejudgment interest after liquidated damages have been denied disrupts the balance struck by Congress under the Portal-to-Portal Act, 29 U.S.C. §§ 251-62 (hereinafter referred to as the Act) between the statutory rights of employees to specified workplace conditions and the rights of employers to challenge the Act without undue sacrifice. See Hays v. Republic Steel Corp., 531 F.2d 1307, 1310-11 (5th Cir. 1976). The Act, 29 U.S.C. § 260, provides that an employer is entitled (in the discretion of the Court) to a good faith and reasonable test of the FLSA without liability beyond compensation for actual minimum and overtime wages notwithstanding the rights of employees under the FLSA. 29 U.S.C. §§ 251(a), 260; Report. But cf. 29 U.S.C. § 217, Hodgson v. American Can, 440 F.2d 916, 922 (prejudgment interest available under 29 U.S.C. § 217 notwithstanding employer good faith.) Where, as here, compensation for delay is inappropriate under 29 U.S.C. § 260, this Court has no right to subvert that statute by awarding that compensation under a different label.
The parties agree that if defendants' activities constitute an "enterprise" then $13,497.07 in unpaid compensation is due defendants' employees for the period in dispute. For the reasons given above the Court finds that the plaintiff is entitled to recover $13,497.07.
The Court adopts this memorandum opinion, the stipulation of facts and the supplemental stipulation of facts as its findings of fact and conclusions of law, and the clerk of the Court will prepare and enter the proper order.