Ray MARSHALL, Secretary of Labor, United States Department of Labor

v.

Ray DUNCAN, Individually and d/b/a Westside Market.

Civ. No. 3–79–245.

United States District Court, E. D. Tennessee, N. D.

Sept. 26, 1979.

Marvin M. Tincher, George Drumming, Jr., U. S. Labor Dept., Nashville, Tenn., for plaintiff.

David L. Flitcroft of Joyce, Anderson & Meredith, Oak Ridge, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The Secretary brought this action pursuant to § 17 of the Fair Labor Standards Act of 1938 ("the Act"), as amended, 29 U.S.C. §§ 201 et seq., seeking an order requiring defendant to pay back-wages allegedly due his employees for the calendar year 1978, with interest from date of accrual. The complaint alleges that defendant paid his employees subminimum wages during that year, contrary to the Act. Both parties have filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

### I. "Rolling Quarter" Method

In his motion, defendant argues that he is exempt from the provisions of the Act because his annual gross volume of sales made or business done, exclusive of excise taxes at the retail level which are separately stated (hereinafter "annual gross volume"), in the calendar year 1978 was below $250,000. 29 U.S.C. § 203(s)(2). The Secretary does not dispute the dollar figures presented by defendant in his affidavit, but argues that the "rolling quarter" method of calculation should have been utilized in determining the applicability of the exemption to defendant's enterprise. Both parties agree that if this method is used, defendant would be subject to the provisions of the Act during the first three quarters of 1978.

The "rolling quarter" method is mandated by the regulations. 29 C.F.R. § 779.266. Under this method, the employer must calculate his annual gross volume at the beginning of each quarter for the four quarters immediately preceding the date of calculation. Thus, the use of this method results in re-examination of the employer's status with respect to the Act four times a year, rather than just once.

It was the purpose of Congress in enacting the Fair Labor Standards Act of 1938 to provide for the remedy of oppressive labor practices "as rapidly as practicable." 29 U.S.C. § 204. The burden is on the employer to show that he falls within one of the exemptions provided in the Act. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 393, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960); 29 C.F.R. § 779.266(a). While the regulations are not binding on this Court, *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944), the Sixth Circuit has stated that they should be upheld "except in cases of flagrant abuse." *Sun Publishing Co. v. Walling*, 140 F.2d 445, 449 (6th Cir. 1944). There is no such abuse in this case. In fact, it is apparent to this Court that application of the regulation requiring use of the rolling quarter method in this instance substantially furthers the purpose of the Act by providing for a more current and less speculative assessment of the applicability of its provisions. This is clearly in the best interests of all involved—the employer as well as the employee. Accordingly, we hold that the "rolling quarter" method is the proper method of calculation of annual gross volume for the purposes of the Act.

It is undisputed that defendant was subject to the Act as of the end of the calendar year 1977. (Affidavit of defendant.) The defendant has failed to sustain his burden of showing that he fell within the § 3(s)(2) exemption during the first three quarters of 1978. (In fact, application of the "rolling quarter" method to figures supplied in defendant's affidavit reveals that his annual gross volume exceeded the amount specified in the Act until the fourth quarter.)

64

It is the opinion of this Court, therefore, that defendant was subject to the provisions of the Act through the end of the third quarter of calendar year 1978, and that he should be ordered to pay back wages due his employees for this time.

## II. *Interest*

The Secretary also asks that defendant be ordered to pay interest on wages due under the Act from the date of accrual.

The Act provides for several remedies against the employer for its violation. Sections 16(b) and (c), 29 U.S.C. § 216(b), (c), authorize causes of action by aggrieved employees and by the Secretary, respectively, to recover damages in the amount of unpaid wages "and in an additional equal amount as liquidated damages." Section 17 authorizes the Secretary to seek an injunction in district court restraining further violations of the Act and/or the withholding of unpaid wages. 29 U.S.C. § 217. The Act does not provide for the award of interest on any of these amounts. *McClanahan v. Mathews*, 440 F.2d 320, 324 (6th Cir. 1971).

Prior to 1947, the award of liquidated damages as provided in § 16 was viewed as a substitute for interest and therefore mandatory. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707–714, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). In that year, the passage of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, made the amount of liquidated damages to be awarded a matter within the discretion of the trial court. Applying the *O'Neil* reasoning, the Sixth Circuit held in *McClanahan v. Mathews, supra*, at 324–326, that since the aggrieved employee could not be made whole without an award of either liquidated damages or interest, and since the award of liquidated damages was no longer mandatory, then if the trial court exercised its discretion to disallow the liquidated damages provided for in § 16, it must award interest. It is clear that the interest is to be awarded as a substitute for liquidated damages.

By contrast, § 17 does not provide for liquidated damages, but merely for injunctive relief against the employer. Interest awarded under § 17 is, therefore, not intended to serve as a substitute for liquidated damages, and need not be mandatory in the absence thereof. The relief sought under § 17 being essentially equitable in nature, this Court has broad power to fashion its decree according to the circumstances of each case. *Clifton D. Mayhew, Inc. v. Wirtz*, 413 F.2d 658, 663 (4th Cir. 1969). The award of prejudgment interest on a suit brought by the Secretary under § 17 of the Act is therefore a matter within the sound discretion of the trial court.

Defendant argues that the "rolling quarter" method of calculation is obscure and somewhat esoteric. Defendant's ignorance of the "rolling quarter" method is certainly no indication of bad faith or of a purpose to get around the provisions of the Act. Accordingly, the Court is of the opinion that interest should not be awarded against defendant.

It is ORDERED that defendant's motion for summary judgment be, and the same hereby is, denied. It is further ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that defendant Ray Duncan pay forthwith all back wages due his employees through September 30, 1978 under § 6 of the Act. It is further ORDERED that plaintiff's request for prejudgment interest be, and the same hereby is, denied.

Order Accordingly.