Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

I–20 MOTELS, INC. and James S. Noel, Defendants-Appellees.

No. 80–3985.

United States Court of Appeals, Fifth Circuit.

Dec. 28, 1981.

Donald S. Shire, Assoc. Sol., Claire Brady White, U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Gamm, Greenberg & Kaplan, Jack H. Kaplan, Shreveport, La., for defendants-appellees.

Before BROWN, COLEMAN and RUBIN, Circuit Judges.

PER CURIAM:

The Secretary of Labor appeals from the District Court's refusal to apply the "rolling quarter" method to compute the annual dollar volume of I–20 Motels' sales in order to determine coverage under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The controversy arose out of Motels' alleged violation of the FLSA's minimum wage, overtime, and recordkeeping provisions for the years 1976 and 1977.[1] Motels argued that it was not covered by the Act because its proceeds for the year 1977 were less than the $250,000 threshold for application of the Act. 29 U.S.C. § 203(s)(2). The government argued that Motels was covered by the Act until September 30, 1977, when its annual dollar volume as computed under the "rolling quarter" method dipped below $250,000. The district court granted summary judgment in Motels' favor, explaining only that the "rolling quarter method of computation should not be utilized *in this case.*" (Emphasis in original.)

■ In an interpretative bulletin, 29 C.F.R. § 779.266, the Secretary of Labor has described the operation of the rolling quarter method; if an employer's business exceeds the dollar volume requirement in any calendar year, the business will be presumed to be covered in the next year unless the employer establishes through use of the rolling quarter method that its dollar volume for the previous twelve months has fallen below the $250,000 mark. *Id.* § 779.-266(a). Thus, the rolling quarter method is a way of determining currently whether a business once covered by the Act continues to be subject to it. Under this formula, an employer determines if it is covered by the Act at the beginning of each quarter, by calculating its annual dollar volume based on the sum of the four preceding quarters. *Id.* § 779.266(b). In other words, on April 1, 1981, the employer totals his gross volume of sales for the year ended March 31, 1981. If the total exceeds $250,000, he is covered by the Act for the next quarter; if not, he is exempt from the Act.

■ Although interpretative bulletins relating to the FLSA issued by the Secretary are "not controlling upon the courts . . . , [they] do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124, 129 (1944). The Secretary's interpretations are "entitled to careful consideration and in proper circumstances to considerable weight." *Wirtz v. Keystone Readers Serv., Inc.,* 418 F.2d 249, 257 (5th Cir. 1969). If the interpretative bulletin is "consistent with prior court decisions and with the purposes and aims of the Fair Labor Standards Act . . . it is entitled to recognition and application in the case before us." *Id.*

In considering proposed amendments to the FLSA in 1961, Congress apparently approved the rolling quarter method not only by failing to change the method as described in an existing interpretative bulletin, but by express sanction in the Senate Report. That report states that the rolling quarter method, as described in the Secretary's interpretative bulletin, allows the employer to "know whether or not to comply with the requirements of the act in the workweeks ending in the current quarter-year." S.Rep. No. 145, 87th Cong., 1st Sess. 38, *reprinted in* [1961] U.S.Code Cong. & Ad. News, 1620, 1657.

In *Usery v. Associated Drugs, Inc.,* 538 F.2d 1191 (5th Cir. 1976), we affirmed the district judge's determination that use of the rolling quarter method to compute the annual dollar volume of sales was not fair "when here applied." *Id.* at 1193. The employer's annual sales in that case hovered around the $250,000 cut-off and application of the rolling quarter method would likely have resulted in FLSA coverage in one quarter and no coverage in the next. Although the court gives no rationale for its determination that the rolling quarter method was inappropriate, it is possible that the court wished to avoid the readjustment of employees' wage rates every quarter. *Associated Drugs* did not strike down the

---

1. The parties have reached a settlement for the year 1976.

rolling quarters method but held only that some circumstances might make its application in a given case unfair or improper.

In *Marshall v. Duncan*, 480 F.Supp. 62 (E.D.Tenn.1979), *aff'd in part and rev'd in part mem.*, 659 F.2d 1082 (6th Cir. 1981), the employer exceeded the sales volume requirement in 1977, but not for the calendar year 1978. The application of the rolling quarter method would, however, have made the defendant subject to the FLSA until the fourth quarter of 1978. The district court held that application of the rolling quarter method was the proper manner to calculate annual sales volume because "the rolling quarter method in this instance substantially furthers the purpose of the Act by providing for a more current and less speculative assessment of the applicability of its provisions. This is clearly in the best interests of all involved—the employer as well as the employee." 480 F.Supp. at 63.

The FLSA is to be liberally construed to provide broad coverage, *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243, 247 (1959). The rolling quarter method is not to be set aside unless its application would make FLSA coverage more speculative, constantly fluctuating or predictably unfair. The district court neither applied this liberal-construction principle nor spelled out the circumstances and conditions that would enable us to make a reasoned review of the considerations that, in its opinion, made the rolling quarter method inapplicable. We must, therefore, remand for further consideration in the light of this opinion.

REVERSED IN PART.

REMANDED IN PART.