**W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

**v.**

**ASSOCIATED DRUGS, INC., Defendant-Appellee.**

**No. 74–4217.**

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1976.
Rehearing Denied Nov. 12, 1976.

[redacted]

William J. Kilberg, Sol. of Labor, U. S. Dept. of Labor, Donald S. Shire, Deputy Assoc. Sol., Washington, D. C., Robert A. Fitz, U. S. Dept. of Labor, George T. Avery, Regional Sol., Dallas, Tex., Carin Ann Clauss, Assoc. Sol., Paul D. Brenner, Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Bob Spann, Corpus Christi, Tex., for defendant-appellee.

Before WISDOM and INGRAHAM, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge:

This action was brought by the Secretary of Labor under Section 17 (29 U.S.C. § 217) of the Fair Labor Standards Act to enjoin appellee, Associated Drugs, Inc., from violating the Act's minimum wage, overtime compensation and recordkeeping requirements and to restrain the continued withholding of unpaid wages due certain employees of its Parr Drug Store in Corpus Christi, Texas.

The trial court granted the injunction sought by the Secretary and restrained the continued withholding of back wages due 26 present and former drug clerks and fountain employees. It did so only for the two fiscal years ending July 31, 1971, and July 31, 1973, but denied relief as to back wages for the quarter ending October 31, 1973, and for the two-month period ending December 31, 1973. It did not award prejudgment interest on the sum found due the employees. It also held that four pharmacists were exempt as "executive" or "professional" employees under Section 13(a)(1) (29 U.S.C. § 213) of the Act.

The Secretary contends that the trial court erred, as a matter of law, in refusing to apply the "rolling quarter" method in computing the $250,000.00 annual dollar volume of sales for purposes of Section 13(a)(2) of the Act. Appellant concedes

that appellee qualified for the exemption for the quarters beginning February 1st and August 1, 1972, but claims that appellee did not qualify for the quarters beginning May 1, 1972, and November 1, 1972, for the reason that the annual volume for the immediately preceding four quarters exceeded $250,000.00 annually.

The rolling quarter method of computation of annual volume of sales or business has its origin in an Interpretative Bulletin which appears in the Code of Federal Regulations, 29 CFR 779.266(b).[1]

The Court held that the "Defendant is a marginal business insofar as the wage-and-hour law is concerned, and the only logical way to approach the matter is on the establishment's fiscal year . . . the last month of the fiscal year could make the difference as to whether or not the business would continue to be exempt or not." The court stated that it did not consider the "rolling quarter" method of computing the *annual* dollar volume of sales to be fair when here applied.

Appellee contends that there is no practical way that it could adjust wages on a quarterly basis without disrupting its relations with its employees.

With respect to the Interpretative Bulletins, appellee points to the holding in *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124, wherein it was observed that although such bulletins "do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance," it was, nevertheless, held that "they do not constitute an interpretation of the Act or a standard for judging factual situations which binds a district court's processes, as an authoritative pronouncement of a higher court might do."

The fact that appellee's monthly records are kept in such a manner as to enable it to make the computation of the annual dollar volume of sales on a fiscal quarterly basis without difficulty, would not soften any adverse impact of its application.

We are of the opinion that the trial court should be affirmed on its refusal to apply the revolving quarter method of computation under the record in this case.

Appellant complains of the court's action in holding that pharmacists, Carroll, Taylor, Thompson and Trevino, were exempt professional employees under Section 13(a)(1). He insists that appellee failed to prove that the pharmacists met all the tests for exemption under that section and the governing regulations.

The applicable regulations, 29 CFR 541.3, prescribe the standards for the determination of an "employee employed in a bona fide . . . professional capacity," within the exemption of Section 13(a)(1). Included in the standards is the requirement that the employee be paid on a "salary basis." Subsection (e) provides that the employee be one "who is compensated on a salary or fee basis at a rate not less than $140.00 per week. . . ."

The regulation pertaining to "salary basis" computation has been repeatedly upheld. *Craig v. Far West Engineering Co.*, 9 Cir., 265 F.2d 251; *Walling v. Morris*, 6 Cir.,

---

1. Section 779.266(a) states that no computations of annual gross dollar volume are necessary where the receipts regularly derived each year are known by the employer to be "substantially in excess or substantially under the minimum dollar volume" of $250,000.00.

Subsection (b) reads that when there may be doubt as to the annual gross volume,

"An analysis will be made at the beginning of each quarter year so that the employer will know whether or not the dollar volume tests have been met for the purpose of complying with the law in the workweeks ending in the current quarter-year. The total of the gross receipts from all its sales or business during a twelve months' period which immediately precedes the quarter-year being tested will be the basis for analysis. . . . [E]nterprises . . . operated on a calendar year basis for income tax or sales or other accounting purposes will coincide with the calendar quarters. . . .

"On the other hand, where enterprises or establishments are operated on a fiscal year basis, which consists of annual periods different from the calendar year, the four quarters of the fiscal period will be used in lieu of calendar quarters in computing the annual volume."

155 F.2d 832; *Helliwell v. Haberman*, 2 Cir., 140 F.2d 833; and *Retail Store Employees Union, Local 400 v. Drug Fair—Community Drug Co.* (D.D.C.), 307 F.Supp. 473 (involving pharmacists).

■ The employer has the burden of proving the existence of each of the conditions or standards prescribed by the Regulations, if he claims the employee exempt under the Act. *Walling v. General Industries, Inc.*, 330 U.S. 545, 547–548, 67 S.Ct. 883, 91 L.Ed. 1088, and *Brennan v. Texas City Dike & Marina, Inc.*, 5 Cir., 492 F.2d 1115, 1117, cert. den., 419 U.S. 896, 95 S.Ct. 175, 42 L.Ed.2d 140.

Appellee did not meet the burden of proof on the issue of exemption of the four pharmacists. The court erred in excluding them as exempt.

■ Appellant asserts error in the action of the trial court in failing to award prejudgment interest on the amount found to be due as back wages.

It is well established that prejudgment interest should be allowed on the amount found to be due. *Brennan v. City Stores, Inc.*, 5 Cir., 479 F.2d 235, 241; *Hodgson v. Daisy Manufacturing Co.*, 8 Cir., 445 F.2d 823; *Hodgson v. Wheaton Glass Co.*, 3 Cir., 446 F.2d 527, 534–535; *McClanahan v. Mathews*, 6 Cir., 440 F.2d 320, 324–326; and *Hodgson v. Corning Glass Works* (W.D.N. Y.), 330 F.Supp. 46, aff'd, 474 F.2d 226, 236 (2 Cir.). The court was in error in not allowing prejudgment interest.

The foregoing rulings cover all of appellant's assignments of error. Other matters presented by appellee do not merit a ruling or comment.

The judgment of the lower court is affirmed as to the method of computing the annual dollar volume of sales, and is reversed and remanded as to the exclusion of the pharmacists as exempt employees, and as to the disallowance of prejudgment interest.

AFFIRMED in part, and REVERSED and REMANDED in part.