**Ray MARSHALL, Secretary of Labor,**

v.

**BOARD OF EDUCATION OF BALTIMORE COUNTY.**

**Civ. No. K–76–672.**

United States District Court, D. Maryland.

April 25, 1979.

Leonard S. Jacobson, County Sol., Baltimore, Md., and Joseph Kiel, Asst. County Sol., Towson, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

On September 28, 1978, this Court filed an opinion, holding in favor of the Secretary. *Usery v. Board of Education of Baltimore County*, 462 F.Supp. 535 (D.Md.1978). On October 25, 1978, judgment for the Secretary against defendant was entered in this case pursuant to which certain female custodial employees of defendant were held entitled to the award of back pay. The parties have stipulated that if those employees are entitled to back pay, the total of those awards is $481,403.59, and have further agreed on the amounts of each individual award. Additionally, the parties have stipulated that if those employees are entitled to receive pre-judgment interest, the total amount thereof is $96,811.06 and the amount of such interest each such employee shall receive is as agreed between the parties. However, defendant denies liability for both back pay and pre-judgment interest. As to the former, this Court's September 28, 1978 opinion speaks for itself. Accordingly, the within opinion deals only with the pre-judgment interest issue.[1]

In essence, defendant contends that it acted in good faith, that the factual and legal issues in this case are close, that defendant did not act unreasonably, that defendant came into compliance in July 1976, and that defendant's failure, as adjudicated by this Court, related only to pre-July 1976

---

1. On November 3, 1978, defendant noted an appeal from this Court's October 25, 1978 judgment. Thereafter, this Court wrote to all counsel, stating, in part, that—

> whether or not there is an appealable final Order [in this case] in view of the fact that the pre-judgment interest issue is still outstanding * * * is of course, in and of itself, a question for determination by the United States Court of Appeals for the Fourth Circuit and not for decision or expression of opinion by this Court. However, in any event, I would think that counsel on both sides as well as the appellate court would probably want the pre-judgment interest issue heard at the same time as the other

> issues in this case, and that since there is an appeal pending in the Fourth Circuit from the opinion which I have previously filed with regard to all issues other than the pre-judgment interest issue, I would think that the party which loses with regard to that latter issue would want to appeal or cross-appeal in connection with it.

Thereafter, both parties informed this Court that the parties would seek a consolidation before the Fourth Circuit of (a) the issues determined in this Court's September 28, 1978 opinion and (b) the issue of pre-judgment interest after the latter's determination by this Court.

events. The Secretary points to defendants failure to comply prior to July 1976 and, in any event, to make pre-July 1976 payments until this Court so required. The factual history in this case is set forth at length in this Court's September 28, 1978 opinion and will not be repeated herein.

Pre-judgment interest has usually been awarded in cases, such as the present one, instituted by the Secretary under section 17 of the Fair Labor Standards Act (29 U.S.C. § 217) in which the Secretary has prevailed in his quest for payment of back wages.[2] To the contrary, in instances in which employees exercise their private enforcement rights under section 16(b) of the Fair Labor Standards Act (29 U.S.C. § 216(b)), prevail, and are awarded back pay and liquidated damages, pre-judgment interest has been generally held not to be available.[3]

In *Hodgson v. Wheaton Glass Co.*, 446 F.2d 527 (3rd Cir. 1971), Judge Gibbons, (at 535) writing prior to the 1974 Amendments to the Fair Labor Standards Act, P.L. 93–259, 88 Stat. 55 (April 8, 1974), noted that

[i]f the employee recovers liquidated damages in his suit under § 16(b) such liquidated damages include compensation for the withholding of money. [Citations omitted.] But where the Secretary sued under § 17, and thus cuts off the individual employee's right to sue under § 16(b) there is no reason why the order of the equity court should not include compensation, by way of interest, for the money wrongfully withheld.[4]

The award by an equity court of pre-judgment interest not only prevents unjust enrichment of the employer flowing from the latter's unlawful withholding but also makes the employees whole and thus effectuates the statutory purpose. There would appear no good reason to treat a public employer such as defendant different from a private employer. Nor have the reported cases so done. *Marshall v. City of Torrington*, 23 WH Cases 364, 368 (D.Conn. 1977); *Brennan v. Goose Creek Consolidated Independent School District*, 21 WH Cases 25, 28 (S.D.Tex.1973), *aff'd* 519 F.2d 53 (5th Cir. 1975);[5] *Brennan v. Jersey City Board of Education*, 374 F.Supp. 817, 833 (D.N.J.1974).

Generally, an employer's good faith is not a sufficient reason for denial of pre-judgment interest. Thus, in *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 183 (8th Cir. 1975), Chief Judge Gibson wrote:

---

2. *Usery v. Associated Drugs*, 538 F.2d 1191, 1194 (5th Cir. 1976); *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 183 (8th Cir. 1975); *Brennan v. City Stores, Inc.*, 479 F.2d 235, 241–42 (5th Cir. 1973); *Hodgson v. Wheaton Glass Co.*, 446 F.2d 527, 534 (3rd Cir. 1971); *Usery v. Godwin Hardware, Inc.*, 426 F.Supp. 1243, 1268–69 (W.D.Mich.1976).

3. *Hodgson v. Miller Brewing Company*, 457 F.2d 221, 229 (7th Cir. 1972); *Hodgson v. Wheaton Glass Co.*, *supra*, 446 F.2d at 535 (dictum). *And see McClanahan v. Matthews*, 440 F.2d 320, 324–26 (6th Cir. 1971) in which Judge Celebrezze concluded (at 326) that employees suing under 29 U.S.C. § 216(b) were entitled to receive either pre-judgment interest or " * * * liquidated damages * * * at least equal the amount of interest that would have been due." *See also, Holtville Alfalfa Mills v. Wyatt*, 230 F.2d 398, 401 (9th Cir. 1955), allowing pre-judgment interest in a case in which liquidated damages were not awarded; *and Landaas v. Canister Co.*, 188 F.2d 768, 772 (3rd Cir. 1951) in which neither liquidated damages nor pre-judgment interest were awarded.

4. In 1974, pursuant to § 26 of P.L. 93–259, the Congress amended 29 U.S.C. § 216(c) so as to authorize, *inter alia*, the Secretary's recovery of liquidated damages in suits instituted by the Secretary under 29 U.S.C. § 216(c). The provisions of section 217 of Title 29, pursuant to which the Secretary instituted the within case, *see* 462 F.Supp. at 544 and n.18, was not affected by the 1974 Amendments. Accordingly, Judge Gibbons' analysis and conclusion in *Wheaton* with regard to recovery by the Secretary of pre-judgment interests in suits under 29 U.S.C. § 217, would appear viable even though, as a result of the 1974 Amendments, the Secretary is enabled to proceed under section 216(c) as well as under section 217 insofar as the Secretary's quest for monetary relief, as opposed to injunctive relief (the latter being obtainable only under § 217) is concerned. *See generally*, for the legislative history of § 26 of Public Law No. 93–259, 1974 U.S.Code Congressional and Administrative News, 2811, 2825, 2851, 2859.

5. The award of pre-judgment interest by the district court was not mentioned, on appeal, by the Fifth Circuit.

**520**

" \* \* \* good faith, however, is no justification for penalizing the employee by denying pre-judgment interest." Similarly, in *Brennan v. City Stores, Inc.,* 479 F.2d 235, 241–42 (5th Cir. 1973), Judge Tuttle held: " \* \* \* we follow the uniform holdings of the courts of other circuits which have considered this question in holding that the employee is entitled to full compensation [including pre-judgment interest] for his injuries even if the employer withheld his wages in good faith." Cited, *inter alia,* by Judge Tuttle in support of that holding is *Hodgson v. Falk,* 69 CCH Lab.Cas. ¶ 32759 (4th Cir. 1972), *rev'd, on other grounds sub nom. Falk v. Brennan,* 414 U.S. 190, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973). Therein, the Fourth Circuit affirmed the District Court's award of pre-judgment interest. The Supreme Court (at 194 n.7, 94 S.Ct. 427) noted that the employers "resisted the imposition of judgment and particularly the awarding of prejudgment interests"; however, neither the majority nor the concurring-dissenting opinions indicate any view with regard to that issue by any Justice of the Supreme Court.

In *Mayhew v. Wirtz,* 413 F.2d 658 (4th Cir. 1969), a case relied upon heavily by defendant herein, Judge Craven, after holding (at 661) that the standard of the good faith defense created by 29 U.S.C. § 259, is an objective and not a subjective one, concluded that (at 663) defendant therein had not objectively acted in good faith. In that context Judge Craven rejected the Secretary's contention that the district court erred in not requiring payment of pre-judgment interest, writing (at 663) that the Secretary's action is "essentially equitable in nature," that "the trial court has broad discretion to fashion its decree according to the circumstances of each case," and that "the district court did not abuse its discretion in refusing to award pre-judgment interest." Herein, while, as this Court wrote in its September 28, 1978 opinion, (462 F.Supp. at 550) the Secretary's investigation was not "a model in terms of communications with the employer," the defendant-employer had ample opportunity between 1973 and 1976 to bring itself into compli-

ance with federal law and if it had done so "in 1974, it would have already paid all or most of the back wages sought in this action." *Id.* On balance, in this case, the equities, as to pre-judgment interest, run against defendant. Accordingly, if the issue of pre-judgment interest currently pending in this case requires the exercise by this Court of discretionary authority, this Court exercises that authority in favor of the Secretary. Pre-judgment interest in the amount of $96,811.06 will therefore be today Ordered by this Court.