Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BURGER KING CORPORATION, Defendant.

No. 77 Civ. 2140.

United States District Court, E. D. New York.

Feb. 24, 1981.

See also, D.C., 510 F.Supp. 557.

Carin Ann Clauss, Sol. of Labor, Washington, D.C., Francis V. LaRuffa, Regional Sol., U.S. Dept. of Labor, New York City, Steven M. Guttell, U.S. Labor Dept., New York City, for plaintiff.

Kelley, Drye & Warren, by Martin D. Heyert, Paul L. Bressan, New York City, for Burger King.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Defendant has timely applied pursuant to Rule 52(b) of the Federal Rules of Civil Procedure for an amendment to the findings of fact contained in the Memorandum Decision and Order filed herein on December 10, 1980, D.C., 504 F.Supp. 404. In addition, both parties have, pursuant to leave of Court, filed proposed forms of judgment which differ in significant respects and raise one of the issues presented by the Rule 52(b) motion. The Rule 52(b) motion is granted to the extent that the findings of fact and amplifications of such findings set forth herein supplement the findings previously made. What follows also sets forth the reasons for that decision and for the form of the judgment which is herein directed to be filed.

The judgment directed to be filed is limited to defendant's record-keeping and over-time-pay obligations with regard to its Assistant Managers employed in the New York area of defendant's operations under the direct or indirect supervision of those of defendant's supervisory personnel who have direct supervisory responsibility for the South Nassau and Staten Island districts. As defendant notes in support of its motion to amend the findings, the evidence at trial was sufficient to establish that defendant's district managers in each of those two districts were aware that the appropriate or "ideal" relationship of hourly personnel to production established by defendant was forcing Assistant Managers within at least five stores in those districts to engage in production work in excess of what company guidelines called for and that these managers nevertheless continued to require compliance with the "ideal" personnel/output ratios rather than exempting the effected stores from those guidelines, as they were, in theory at least, authorized to do. The evidence introduced is further sufficient to persuade the Court that the problem found in these two districts is attributable to misconduct at least at the next higher level of administrative responsibility within the

company. *The fact that similar violations occurred more or less contemporaneously in two districts within the same area of the defendant's operations, taken together with other evidence concerning the degree of supervision and control exercised by defendant over local operations, persuades the Court that the difficulties lie at the level of the area office with direct supervisory responsibility for the districts in question.* On the other hand, given the minimal record developed at this trial as to the internal workings of defendant above the district and regional levels and as to the extent of violations in other parts of the country, a decision that the problem lies at the national level seems too speculative to be warranted. *Cf. Brennan v. J. M. Fields, Inc.,* 488 F.2d 443, 449–50 (5th Cir. 1974); *Hodgson v. Corning Glass Works,* 474 F.2d 226, 236–37 (2d Cir. 1973), *aff'd on other grounds,* 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974).

There is, on the other hand, no reason to limit the prospective relief granted to the two districts or to the five restaurants whose employees testified at trial. Since the pressures which led to the excessive production work by Assistant Managers at the five stores emanated from the regional level, if not higher, prospective relief is appropriately directed there. *See Brennan v. J. M. Fields, Inc., supra.* If, as defendant argues it should be, relief is limited to the one restaurant it continues to own (and the four others only if defendant reacquires them), repetition of the same offense by defendant can easily occur, since defendant's district managers can avoid the scope of the injunction merely by making that one store an exception to the pressures elsewhere employed.[1] So, too, if the injunction is limited to two districts in the region.

The most forceful argument made by the defendant in favor of limiting relief to one store (and the other four, if reacquired) is that the proposed judgment, findings of fact, and conclusions of law offered by plaintiff prior to trial pursuant to the Court's pretrial order were so limited. However, Rule 54(c) of the Federal Rules of Civil Procedure provides:

> "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

*See Norwalk Core v. Norwalk Redevelopment Agency,* 395 F.2d 920, 925 (2d Cir. 1968). *A fortiori,* a party's proposed findings and form of judgment should not limit the relief to which the evidence shows he is otherwise entitled. Since defendant offered evidence of its system-wide practices and practices at the district and regional levels to establish its compliance with the Fair Labor Standards Act, defendant can hardly claim prejudice. Prospective relief at the district level is necessary to prevent repetition of the violations established at trial and is, as defendant concedes, fully supported by the evidence.

The judgment also expressly disposes on the merits of the Secretary's claim that defendant violated record-keeping and overtime regulations with regard to those Assistant Managers within the same area of defendant's operations earning more than the level of weekly compensation at which defendant's entitlement to exemption can be measured by the short form test contained in 29 C.R.F. 541.1(f), since that claim was actually litigated and decided.

Defendant relies on 28 U.S.C. § 1961 to argue that any interest award must be limited to interest on the judgment at the rate of 6% provided by C.P.L.R. Section 5004. Section 1961 is not an "un-

---

1. In fact, the evidence at trial demonstrated that defendant can, by means of employees of exceptional ability, such as Miss Moxim, comply with its production/personnel guidelines without excessive production work by the Assistant Managers. By limiting the scope of the injunction to two districts or one store, defendant's district managers may avoid changing their mode of doing business beyond maintaining model districts or stores at which its production/personnel guidelines co-exist with the 40%/60% ratio for production and executive work.

equivocal prohibition" on prejudgment interest in back-pay cases, and in the absence of such a prohibition, federal courts are authorized to award prejudgment interest in appropriate cases as part of their equitable powers. *Usery v. Associated Drugs, Inc.*, 538 F.2d 1191, 1194 (5th Cir. 1976); *Hodgson v. Wheaton Glass Co.*, 446 F.2d 527, 534 (3d Cir. 1971); *Hodgson v. American Can Co.*, 440 F.2d 916, 922 (8th Cir. 1971). Defendant's argument that this is not an appropriate case for an award of prejudgment interest is apparently grounded on a contention that it proceeded in good faith because of the novelty of the statute's application to restaurant workers. The Court rejected this argument as part of its finding that the violations here were willful. While less sophisticated restaurants might claim good faith in the circumstances with some plausibility, this defendant was, the evidence shows, well aware of the extension of the statute to its Assistant Managers and, by its job descriptions and manuals, promptly and effectively conveyed the substance of the statute's requirements to its managerial employees at all levels, including the regional and district levels. At the same time the very magnitude of the violations within the affected region necessitate a conclusion that the regional and district managers either knew or deliberately closed their eyes to what was occurring in response to institutional pressures to maximize profits.[2] In such circumstances good faith is not a basis for denying an award of prejudgment interest. *See Brennan v. Heard*, 491 F.2d 1, 3 (5th Cir. 1974). *Cf. Wehr v. Burrough Corp.*, 619 F.2d 276, 279–83 (3d Cir. 1980); *Reeves v. International Telephone & Telegraph Corp.*, 616 F.2d 1342, 1352–53 (5th Cir. 1980); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 459–66 (D.C.Cir.1976).

■ With regard to the rate of interest, it too appears appropriately controlled by equitable considerations. *Cf.* N.Y.C.P. L.R. § 5001. The purpose of an award of interest is to make the employees whole and to restore them, as best as possible, to the situation which would have existed had they been paid overtime. *Hodgson v. American Can Co., supra*, 440 F.2d at 922. While employees at the low level of the economic scale here at issue undoubtedly were not deprived of an opportunity to invest their money at commercially available rates of interest, *cf. Rolf v. Blyth, Eastman, Dillon & Co., Inc.*, 570 F.2d 38, 50 (2d Cir.), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978), it can be readily inferred that they were deprived of opportunities to purchase amenities beyond the necessities of life. To restore them to a position in which they can make such purchases now, some account should be taken of inflation and of the "particularly pronounced" increase in the Consumer Price Index over the 1974–1979 period in question here. *Doca v. Marina Mercante Nicaraguense, S.A.*, 634 F.2d 30, 40 (2d Cir. 1980). While a variety of means might be suggested for giving account to these realities, that proposed by plaintiff, namely, the use of the "adjusted prime rate" established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621 is not unreasonable. *See Marshall v. Snyder*, 77c 116 (E.D.N.Y. August 21, 1979).[3] Nor is it unreasonable to calculate interest from the midpoint of the period with respect to which back wages are sought with respect to each employee.

Defendant's proposal to alter the provision of Rule 54(d) concerning the allocation of costs in favor of the prevailing party is based on defendant's claim of good faith and is rejected for the reasons given above.

Defendant's application for a stay of the judgment pending appeal is granted except as to those portions of the judgment directed to defendant's record-keeping obliga-

---

2. Defendant has at no time contended that its regional or district managers are themselves so low in the corporate hierarchy that their willful conduct cannot appropriately be attributed to the defendant. *See* Restatement (2d) of Agency, §§ 217C(c), 217Dd.

3. The adjusted prime rate is defined by 26 U.S.C. § 6621 as "90 percent of the average predominant prime rate quoted by large commercial banks to large businesses" rounded to the nearest full percent.

tions, provided that defendant (1) promptly files and expeditiously prosecutes its appeal; (2) promptly posts a supersedeas bond complying with Rule 33 of the General Rules of this Court with regard to the monetary relief accorded by the judgment, and (3) promptly files a bond in the total amount of $5,000, to cover damages to other Assistant Managers in the other districts covered by the judgment who are deprived of overtime compensation in the future as a result of the stay.

The Clerk is directed to enter judgment in the form annexed hereto and to mail a copy of the within to all parties.

SO ORDERED.