726 F.2d 55
 26 Wage & Hour Cas. (BN 975, 99 Lab.Cas. P 34,489
 Raymond J. DONOVAN, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant-Cross-Appellee,
v.
SOVEREIGN SECURITY, LTD., Jack Furman, Individually and
Officially and Nathan Grant, Secretary-Treasurer,
Defendants-Appellees-Cross-Appellants.
 Nos. 162, 270, Dockets 83-6115, 83-6135.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 2, 1983.
Decided Jan. 5, 1984.
 
 Ralph P. Katz, Delson & Gordon, New York City, for defendants-appellees-cross-appellants.
 Patricia Saik, Atty., U.S. Dept. of Labor, Washington, D.C. (Francis X. Lilly, Deputy Sol., Beate Bloch, Associate Sol., Ruth E. Peters, Counsel for Appellate Litigation, Jay Burke, Regional Sol., U.S. Dept. of Labor, Washington D.C., of counsel), for plaintiff-appellant-cross-appellee.
 Before FEINBERG, Chief Judge, and FRIENDLY and PRATT, Circuit Judges.
 FEINBERG, Chief Judge:
 
 
 1
 The Secretary of Labor appeals from a judgment of the United States District Court for the Eastern District of New York, Mark A. Costantino, J., that eliminated pre- and post-judgment interest from earlier orders of that court enjoining defendants Sovereign Security, Ltd. (Sovereign), Jack Furman, its president, and Nathan Grant, its secretary-treasurer, from continuing to withhold unpaid overtime compensation from fifty-five present and former employees in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 201 et seq. The Secretary also appeals from denial of his petition to adjudicate defendants in civil contempt for their failure to pay the back wages and interest required by the prior orders.[1] Defendants cross-appeal from the district court's finding in the original proceeding that defendants' violations of the FLSA were willful, thus invoking a three-year, instead of a two-year, statute of limitations for back pay awards.
 
 
 2
 The Secretary brought the underlying action pursuant to section 17 of the FLSA, 29 U.S.C. Sec. 217, to enjoin defendants from violating the FLSA's overtime and record-keeping provisions, 29 U.S.C. Secs. 207(a), 211(c), 215(a)(2) and 215(a)(5), and from withholding payment of overtime compensation due employees under the Act. After a two-day bench trial, the court found in April 1982 that Sovereign employed individuals as security guards to protect various institutions in and around Brooklyn, New York; that Sovereign employees worked significant amounts of overtime in the years 1978-80, but were paid straight time for the hours rather than time and one-half; and that defendants systematically understated in Sovereign's records the hours logged by its employees so that they appeared to receive time and one-half for overtime when in fact they received straight time for the hours actually worked. The court further found that defendants' actions constituted willful violations of the FLSA's record-keeping and overtime provisions and that the method used by the Secretary to calculate the actual hours worked by the employees was satisfactory. The court permanently enjoined defendants from any future violations of the record-keeping and overtime provisions of the FLSA. In an order dated June 22, 1982, the court adopted a schedule calling for payment of $31,572.48 of back wages due, $10,894.36 of pre-judgment interest and separate daily amounts of post-judgment interest calculated individually. The order also required full payment within thirty days after entry.
 
 
 3
 Defendants filed a timely notice of appeal, but the appeal was subsequently dismissed by this court for failure to prosecute. Although there was no stay of the district court's judgment, defendants did not make any of the required payments. In January 1983, the Secretary filed a civil contempt petition. In response, defendants admitted nonpayment, and simultaneously moved to amend the earlier orders to eliminate payment of interest, on the ground that Sovereign was unable to pay interest and would go out of business if forced to do so. The motion was supported by an affidavit from Grant and copies of Sovereign's corporate tax returns for 1978 to 1981. After hearing oral argument, the court denied the Secretary's contempt petition and granted defendants' motion. In an order dated March 9, 1983, the judge vacated the prior award of pre- and post-judgment interest and permitted defendants to pay in four quarterly installments the $31,572.48 of back wages they had originally been ordered to pay in 30 days, on the condition that the interest would be reinstated automatically and all unpaid sums would be due immediately if any payment were late. We have been informed that the first three installments of $15,786.24, $7,893.12 and $3,946.56 respectively have been paid.
 
 I.
 
 4
 We turn first to the judge's elimination of the interest component of the back pay order. Putting to one side the dubious proposition that a motion to amend an earlier judgment can properly be made and considered during a civil contempt proceeding to enforce the judgment, and treating the motion to amend as a motion under F.R.Civ.P. 60(b)(6), we find that the court below erred in eliminating the interest that it had correctly awarded in the first place.
 
 
 5
 The overwhelming weight of authority is that pre-judgment interest should generally be included in a back pay award in an injunction action under section 17 of the FLSA, even if the underpayments were made in good faith, which in this case they clearly were not. Usery v. Associated Drugs, Inc., 538 F.2d 1191, 1194 (5th Cir.1976); Brennan v. Maxey's Yamaha, Inc., 513 F.2d 179, 183 (8th Cir.1975); Hodgson v. Wheaton Glass Co., 446 F.2d 527, 534-35 (3d Cir.1971); Marshall v. Burger King Corp., 509 F.Supp. 353, 355-56 (E.D.N.Y.1981), aff'd sub nom., Donovan v. Burger King Corp., 675 F.2d 516 (2d Cir.1982). The purposes of a restitutionary injunction under section 17 are to make whole employees who have unlawfully been deprived of wages and to eliminate the competitive advantage enjoyed by employers who have illegally underpaid their workers. Hodgson v. American Can Co., 440 F.2d 916, 922 (8th Cir.1971); Hodgson v. Wheaton Glass Co., supra, 446 F.2d at 535. Pre-judgment interest obviously serves the compensatory purpose by making up for the delay in receiving the money, during which time the employees were denied its use, and by partially offsetting the reduction in the value of the delayed wages caused by inflation. Marshall v. Burger King Corp., supra, 509 F.Supp. at 356. The award of interest is especially appropriate for wage earners, who ordinarily do not have access to resources other than their wages to meet the necessities of daily living. McClanahan v. Mathews, 440 F.2d 320, 325-26 (6th Cir.1971). Pre-judgment interest also serves to remedy the competitive disadvantage inflicted on law-abiding businesses by denying the errant employer the free use of the money it should have paid out in wages. Failure to award interest would create an incentive to violate the FLSA, because violators in effect would enjoy an interest-free loan for as long as they could delay paying out back wages. See Hodgson v. Wheaton Glass Co., supra, 446 F.2d at 535; Wirtz v. Malthor, Inc., 391 F.2d 1, 3 (9th Cir.1968). Defendants cite a few cases in which pre-judgment interest was not awarded, e.g., Clifton D. Mayhew, Inc. v. Wirtz, 413 F.2d 658, 663 (4th Cir.1969); Hodgson v. Rancourt, 336 F.Supp. 1119, 1125 (D.R.I.1972), but we believe that for the reasons given above it is ordinarily an abuse of discretion not to include pre-judgment interest in a back-pay award under the FLSA.
 
 
 6
 Needless to say, the award of post-judgment interest in this context serves the same policies and is awarded as a matter of course in civil actions in federal courts. 28 U.S.C. Sec. 1961; Laffey v. Northwest Airlines, 95 CCH Lab.Cases p 34,290 at 45,043 (D.D.C.1982). The allowance of post-judgment interest under 28 U.S.C. Sec. 1961 is mandatory for any money judgment. Akermanis v. Sea-Land Service, Inc., 521 F.Supp. 44, 57 (S.D.N.Y.1981), rev'd on other grounds, 688 F.2d 898 (2d Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 2087, 77 L.Ed.2d 298 (1983). Even on the questionable assumption that Sec. 1961 does not apply to an equity decree like the injunctive order in dispute here, see Clarke v. Hot Springs Electric Light & Power Co., 76 F.2d 918, 922 n. 1 (10th Cir.) (former Sec. 811, forerunner to Sec. 1961), cert. denied, 296 U.S. 624, 56 S.Ct. 147, 80 L.Ed. 443 (1935), an equity court has power to grant interest by analogy to Sec. 1961. Cf. White v. Bloomberg, 360 F.Supp. 58, 63 (D.Md.1973), aff'd, 501 F.2d 1379 (4th Cir.1974). If pre-judgment interest is warranted, as it is here, certainly post-judgment interest should be awarded as well.
 
 
 7
 The district judge gave as his reason for eliminating interest the financial difficulties of Sovereign. During the hearing, the judge seemed to think that the only choices open were to eliminate the interest component from the sums due or to put the company out of business and cause those still working for the company to lose their jobs. But the employees became absolutely entitled to the money when they worked the overtime and were compensated for that time at unlawfully low wages. To make them whole, they must be compensated for the delay in receiving those wages. The employer's financial difficulty in this case does not outweigh the strong policies favoring award of interest on back pay. Of course, the judge was correct in thinking that it would be a Pyrrhic victory to force the company out of business, so that it could not pay even the back wages and current employees would lose their jobs. But the proper way to avoid this calamity is to formulate a manageable payment schedule, not to extinguish part of the debt.
 
 
 8
 Moreover, the court's investigation of defendants' ability to satisfy the outstanding judgment in full was wholly inadequate. The judge based his determination solely on a conclusory affidavit from Sovereign's secretary-treasurer, Grant, and the corporate income tax returns. The original liability at issue was $31,572.48 in principal, $10,894.36 in pre-judgment interest and perhaps $5,000 in post-judgment interest. The judge obviously thought Sovereign was able to pay the $31,572 within about nine months of the modified judgment, so it is hard to fathom why Sovereign could not pay the additional approximately $16,000 of interest on a stretched out basis. Sovereign also reported on its returns for 1978 to 1981 annual gross income ranging from a high of $721,548 to a low of $571,261; a profit of $82,401 in 1978; modest profits of $4,646 and $7,396 in 1979 and 1980, respectively; and a small loss of $3,116 in 1981. Significantly, the tax returns show $21,124 taken for depreciation over the four years, which does not reduce the corporation's cash flow; and the balance sheet in the 1981 return shows assets of $69,205 against liabilities of only $11,322.
 
 
 9
 There is no indication that the court analyzed the returns in detail or made any express finding of inability to pay, other than to accept counsel's claims and the Grant affidavit at face value. Appellees argue that a brief comment by the trial judge in colloquy, acknowledging that the company's profitability was "marginal", was a finding of fact. We do not attach such significance to the statement; but even if it were a finding, it was not a finding that the company was unable to pay, but merely that it was unprofitable. To the extent that there was an implied finding of Sovereign's inability to pay, it was based on inadequate information and is clearly erroneous. Of even greater significance is the court's failure to make any investigation of the individual defendants' ability to satisfy all or part of the judgment. On this record, they were as culpable as Sovereign, and equally liable for the judgment. The court clearly erred in not considering their resources. Donovan v. Sabine Irrigation Co., 695 F.2d 190 (5th Cir.), cert. denied, --- U.S. ----, 103 S.Ct. 3537, 77 L.Ed.2d 1387 (1983); Donovan v. Janitorial Services, Inc., 672 F.2d 528 (5th Cir.1982); Hodgson v. Humphries, 454 F.2d 1279 (10th Cir.1972).
 
 
 10
 Finally, appellees point to a one-word agreement by the government's counsel at oral argument to what was either a statement or question by the court that the award of interest is discretionary. Assuming arguendo that the government could be bound by such an informal colloquy, it was much too brief and ambiguous to constitute any kind of waiver, as appellees apparently urge. Such a waiver would be a most unusual posture for the government to adopt when seeking to vindicate the public interest and the rights of the claimants.
 
 II.
 
 11
 The remaining issues before us require less discussion. Turning to the question of contempt, by introducing clear and convincing proof of noncompliance with the injunction, Perfect Fit Industries, Inc. v. Acme Quilting Co., 646 F.2d 800, 808-10 (2d Cir.1981), cert. denied, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1983), the Secretary made out a prima facie case for civil contempt. Hodgson v. Hotard, 436 F.2d 1110, 1115 (5th Cir.1971). Indeed, defendants admit noncompliance. It is not necessary to show that the noncompliance was willful. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949). Inability to comply is, of course, a "long-recognized defense to a civil contempt citation," United States v. Wendy, 575 F.2d 1025, 1030-31 (2d Cir.1978); In re Weiss, 703 F.2d 653, 669 (2d Cir.1983), but the burden is on defendants to substantiate their claimed inability "plainly and unmistakably", Hodgson v. Hotard, supra, 436 F.2d at 1116; Hodgson v. A-1 Ambulance Service, Inc., 455 F.2d 372, 374-75 (8th Cir.1972). As indicated above, defendants claimed only financial inability to pay the interest component of the back pay judgment and even as to that made an insufficient showing. Once the proper showing to warrant civil contempt was made and the heavy burden of demonstrating inability to comply was not met, the judge should have entered an order holding defendants in contempt, McComb v. Jacksonville Paper Co., supra, 336 U.S. at 191, 69 S.Ct. at 499; Hodgson v. A-1 Ambulance Service, Inc., supra (reversal for failure to enter contempt order), although he could have considered defendants' financial condition, on a proper record, as a factor in shaping the contempt-purging order.
 
 
 12
 Finally, in their cross-appeal defendants challenge the finding of willfulness in the April 1982 order that led to the entry of the judgment for back pay. Defendants filed a notice of appeal from that judgment, but let the appeal lapse without prosecuting it. They thereby lost their right to challenge the finding made in the April 1982 order despite the government's appeal from the denial of its contempt application almost a year later. Defendants certainly may not challenge during contempt proceedings the validity of the legal or factual basis for the underlying order. United States v. Rylander, --- U.S. ----, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983); United States v. Jaeger, 117 F.2d 483, 487 (2d Cir.1941). They also may not use proceedings seeking relief from or modification of a judgment under F.R.Civ.P. 60 simply to relitigate matters settled by the original judgment, and there is no reason in the circumstances of this case to relieve defendants from the time limits for reconsideration under F.R.Civ.P. 52 or 59 and for appeal under FRAP 4(a). Eutectic Corp. v. Metco, Inc., 597 F.2d 32 (2d Cir.1979); Schildhaus v. Moe, 335 F.2d 529 (2d Cir.1964). Defendant Grant in his affidavit refers to a purported oral agreement between his attorney and a member of the Washington, D.C. staff of the Office of the Solicitor of the Department of Labor that the Secretary would not oppose an application for an extension of time to perfect the prior abortive appeal. But there is no evidence of any such application or any pursuit of the willfulness issue in the contempt proceeding, in the belated motion to amend the back pay decrees or in any legal proceeding until the cross-appeal. Defendants simply failed to preserve the willfulness issue for review by this court.
 
 
 13
 Judgment reversed and remanded for proceedings consistent with this opinion.
 
 
 
 [1]
 Defendants contend that the Secretary is appealing only the elimination of interest and not the denial of the contempt petition. However, the Secretary's briefs and oral argument addressed both issues