751 F.2d 79
 36 Fair Empl.Prac.Cas. 830,
26 Wage & Hour Cas. (BN 1656,
35 Empl. Prac. Dec. P 34,844
The EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
The COUNTY OF ERIE and the Erie County Medical Center,
Defendants-Appellants.
 No. 354, Docket 84-6225.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 13, 1984.
Decided Dec. 12, 1984.
 
 Roger J. Wittig, Asst. County Atty., Buffalo, N.Y. (Eugene F. Pigott, Jr., Erie County Atty., Buffalo, N.Y. on brief), for defendants-appellants.
 Robert L. Zisk, Washington, D.C. (Francis X. Lilly, Solr. of Labor, Joseph M. Woodward, Jay S. Berke, Linda Jan S. Pack, U.S. Dept. of Labor, Johnny J. Butler, Acting Gen. Counsel, Philip B. Sklover, Vella M. Fink, Karen MacRae Smith, E.E.O.C., Washington, D.C., on brief), for plaintiff-appellee.
 Before OAKES and KEARSE, Circuit Judges, and POLLACK, District Judge.*
 KEARSE, Circuit Judge:
 
 
 1
 Defendants County of Erie and Erie County Medical Center (the "Hospital"), unsuccessful defendants in this gender discrimination case brought by the government under Sec. 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 217 (1982), and the Equal Pay Act, 29 U.S.C. Sec. 206(d) (1982), on behalf of female members of the cleaning staff of the Hospital and its predecessor, appeal from so much of a final judgment of the United States District Court for the Western District of New York, John T. Elfvin, Judge, as orders them to pay prejudgment interest on the backpay awards made by the court to those female employees. On appeal, defendants contend that the court had no power to order them to pay prejudgment interest and that even if it had the power, it abused its discretion both in making such an award and in choosing a rate of interest related to the prime rate of interest quoted by commercial banks to large businesses. Finding no merit in defendants' arguments, we affirm the judgment.
 
 BACKGROUND
 
 2
 After protracted litigation of this lawsuit, which was begun in 1971, defendants were found to have violated the Equal Pay Act by paying female cleaners less than male employees doing substantially equal work. In a final judgment entered on June 22, 1984, defendants were ordered, inter alia, to pay back wages to female cleaners from October 13, 1969, until such date as the underpayments to those employees ceased. The court held that, in order to make the previously underpaid employees whole, an award of prejudgment interest was appropriate at a rate that "takes into account the effects of inflation over the greater than ten-year period during which the cleaners were underpaid." The court therefore awarded prejudgment interest at the "adjusted prime rate" established by the Secretary of the Treasury pursuant to 26 U.S.C. Sec. 6621 (1982), calculated as to each employee from the midpoint of the period for which back wages were due. The court determined that the overriding consideration was to make the injured employee whole and therefore decided to give "limited weight" to the fact that the employer had not acted in bad faith.
 
 
 3
 Defendants have appealed from so much of the court's judgment as orders them to make such interest payments. They contend that the district court lacked the power to order them to pay prejudgment interest because the Equal Pay Act does not expressly provide for an award of prejudgment interest and because they are government entities. They contend that even if the court had the power, it abused its discretion in making such an award and in setting the rate of interest at the adjusted prime rate. We have considered all of defendants' arguments and find them unpersuasive.
 
 DISCUSSION
 
 4
 Defendants' most fundamental contention is that prejudgment interest cannot be awarded against a state or local government absent express statutory authorization. This argument lacks merit. The Supreme Court has upheld backpay awards against a state government in an employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq., pointing out that "the Eleventh Amendment, and the principles of state sovereignty which it embodies, ... are necessarily limited by the enforcement provisions of Sec. 5 of the Fourteenth Amendment." Fitzpatrick v. Bitzer, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). The Court has also noted that the Equal Pay Act applies to municipal employees, see County of Washington, Oregon v. Gunther, 452 U.S. 161, 164 n. 3, 101 S.Ct. 2242, 2245 n. 3, 68 L.Ed.2d 751 (1981), and has ruled in other contexts that the express statutory provision for the award of prejudgment interest is unnecessary, see Rodgers v. United States, 332 U.S. 371, 373, 68 S.Ct. 5, 6, 92 L.Ed. 3 (1947) ("[T]he failure to mention interest in statutes which create obligations has not been interpreted by this Court as manifesting an unequivocal congressional purpose that the obligation shall not bear interest.").
 
 
 5
 In determining whether prejudgment interest should be awarded when Congress has been silent on the subject, the court should determine the "relative equities between the beneficiaries of the obligation and those upon whom it has been imposed," and "weigh [ ] these relative equities in accordance with the historic judicial principle that one for whose financial advantage an obligation was assumed or imposed, and who has suffered actual money damages by another's breach of that obligation, should be fairly compensated for the loss thereby sustained." Id. at 373, 68 S.Ct. at 6. Following that course here, we note that one of the principal purposes of the Equal Pay Act is to make whole employees who have unlawfully been deprived of wages. See, e.g., Marshall v. Board of Education, 470 F.Supp. 517, 519 (D.Md.1979), aff'd, 618 F.2d 101 (4th Cir.1980). In 1974, amendments to the Equal Pay Act redefined "employer" to include public agencies that are political subdivisions of a state, see 29 U.S.C. Secs. 203(d), (x); Pub.L. No. 93-259, Sec. 6, 88 Stat. 55, 58-62 (1974); and as a practical matter, we cannot see that an employee whose wages have unlawfully been withheld is any the less injured because her employer was a municipal entity rather than a private entity. We thus see no valid reason to distinguish between municipal employers and private employers in determining what award should be made to the victims of the employer's discriminatory practices in violation of the Equal Pay Act. See Marshall v. Board of Education, 470 F.Supp. at 519; Brennan v. Board of Education, 374 F.Supp. 817 (D.N.J.1974).
 
 
 6
 Accordingly, the present appeal is largely governed by this Court's recent decision in Donovan v. Sovereign Security, Ltd., 726 F.2d 55 (2d Cir.1984), an action to enforce Sec. 17 of the FLSA in which we reversed an order that had eliminated interest awards from a judgment on the premise that the employer's financial difficulties warranted such an elimination. We ruled that the interest awards must be reinstated, observing that "it is ordinarily an abuse of discretion not to include pre-judgment interest in a back-pay award under the FLSA." Id. at 58 (emphasis added). We see no reason to deviate from this principle here. We are unpersuaded by defendant's argument that the present interest awards were improper because the Hospital had been found to have acted in good faith. The bona fides of the employer is but one factor to be considered by the court in determining the appropriate award to a victim of discrimination. See Hodgson v. American Can Co., 440 F.2d 916, 922 (8th Cir.1971). Where the required wages have been wrongfully withheld from the employee, the employee is normally entitled not only to the amount that has been withheld but also to compensation for the delay in receiving those wages. Donovan v. Sovereign Security, Ltd., 726 F.2d at 58.
 
 
 7
 Finally, we see no error in the court's fixing the rate of interest to be paid as the adjusted prime rate. The appropriate rate for prejudgment interest in a wage discrimination case is "essentially [a matter] for the discretion of the trial judge." EEOC v. Wooster Brush Company Employees Relief Association, 727 F.2d 566, 579 (6th Cir.1984). The adjusted prime rate, established periodically by the Secretary of the Treasury, is equivalent to "the average predominant prime rate quoted by commercial banks to large businesses, as determined by the Board of Governors of the Federal Reserve System." 26 U.S.C. Sec. 6621(c). It is the rate to be "paid by taxpayers on tax deficiencies, and by the government on tax overpayments," S.Rep. No. 1357, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Ad. News 7478, 7479, and was established by Congress for use by the Internal Revenue Service in place of the prior flat six percent rate because "it is sensitive to money market conditions and is widely known and accepted as a good indicator of interest rates generally." Id. at 7497.
 
 
 8
 Since the goal of a suit under the FLSA and the Equal Pay Act is to make whole the victims of the unlawful underpayment of wages, and since the adjusted prime rate has been adopted as a good indicator of the value of the use of money, it was well within the discretion of the district court to order that the rate of prejudgment interest to be paid by the defendants on the backpay awards be the adjusted prime rate. Cf. EEOC v. Wooster Brush Company Employees Relief Association, 727 F.2d at 579 (approving award of interest at adjusted prime rate in Title VII employment discrimination suit); EEOC v. Pacific Press Publishing Association, 482 F.Supp. 1291, 1319-20 (N.D.Cal.1979) (same), aff'd, 676 F.2d 1272 (9th Cir.1982); Marshall v. Burger King Corp., 509 F.Supp. 353 (E.D.N.Y.1981) (using adjusted prime rate in FLSA suit); Donovan v. Agnew, 552 F.Supp. 1027, 1029 (D.Mass.1982) (same).
 
 CONCLUSION
 
 9
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Milton Pollack, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation