Lynn MARTIN, Secretary of Labor, United States Department of Labor, Plaintiff–Appellant,

v.

H.M.S. DIRECT MAIL SERVICE, INC.; Harb Publications, Ltd.; H.M.S. Print Mail Ltd.; Henry Stepien, individually and as President, Defendants–Appellees.

No. 1036, Docket 91–6042.

United States Court of Appeals, Second Circuit.

Argued June 4, 1991.

Decided June 19, 1991.

Bruce Justh, Washington, D.C., U.S. Dept. of Labor, for plaintiff-appellant.

Borins, Setel, Snitzer & Brownstein, Buffalo, N.Y., for defendants-appellees.

Before OAKES, Chief Judge, and PRATT and ALTIMARI, Circuit Judges.

PER CURIAM:

On May 15, 1985, James Malek, an employee of H.M.S. Direct Mail Service ("Direct Mail"), refused to operate a paper cutting machine that he believed to be unsafe. Later that day, Henry Stepien, the President and sole shareholder of Direct Mail, fired Malek.

After investigating the circumstances surrounding Malek's discharge, the Secretary of Labor (the "Secretary") sued Direct Mail, its successor corporations, and Stepien (collectively, "the defendants") for violating the anti-discrimination provision of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 660. The Secretary sought approximately $13,000 in back pay for Malek and an injunction that would prohibit the defendants from violating section 660(c).

After a bench trial, the district court found that Direct Mail had unlawfully discharged Malek and also enjoined Direct Mail from violating section 660(c) in the future. Moreover, while it found that the Secretary met her burden of proving that Malek made reasonable efforts to mitigate the effect of his discharge by seeking other employment, the district court also held that the Secretary had not met her burden of proving the amount of back pay due Malek. The district court reasoned that "without documentation supporting the amount plaintiff seeks on Malek's behalf, this Court feels merely accepting Malek's blanket testimony and conclusory statement of loss would work an injustice upon defendants." Thus, the district court awarded Malek only one dollar in back pay, and stated that it was therefore unnecessary to consider whether Malek should receive prejudgment interest on that amount.

The Secretary appeals the district court's denial of back pay with regard to the period between May and December, 1985. As to that period, the Secretary presented documentary evidence establishing the precise amount of income that Malek received during that period—$3,926 of unemployment compensation. The Secretary further showed that this was one half the earnings that Malek would have received at Direct Mail. Direct Mail neither submitted papers nor appeared for oral argument to oppose the Secretary's argument.

Based on the Secretary's evidence we believe the award of one dollar in back pay was insufficient. Indeed, with regard to this period, the Secretary produced the very type of documentary evidence that the district court stated would justify an award of back pay. As for the Secretary's request for pre-judgment interest, we believe that such an award, which we have deemed an appropriate component of a restitutionary back pay award under the Fair Labor Standards Act, 29 U.S.C.A. 201 *et seq., see Donovan v. Sovereign Security, Ltd.,* 726 F.2d 55, 58 (2d Cir.1984), is equally appropriate under OSHA and on these facts. For these reasons, we conclude that Malek is entitled to $3,926 in back pay for the period between May and December, 1985 as well as pre-judgment interest on that amount.

Reversed in part and remanded for an award consistent with this opinion.